(No. 42732.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WILLIAM HOWARD NELSON, Appellant.

*Opinion filed March 16, 1971.*

MORTON ZWICK, Director of Defender Project, (MATTHEW J. MORAN, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JAMES N. DE WULF, State's Attorney, of Rock Island, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, and ROBERT C. SHEARER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Rock Island County which, after a hearing, denied the defendant's amended petition for relief under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*

The defendant was arrested on a complaint charging burglary. On December 20, 1966, he was brought before the court in Rock Island County and was furnished with a copy of the complaint. At that time the court informed him that he had a right to counsel and that if he was without funds

an attorney would be appointed for him. The defendant waived his right to counsel and asked that he be allowed to represent himself. No counsel was appointed for the defendant. On December 29, 1966, the defendant, who was confined in the Rock Island County jail, told one of the sheriff's deputies that he would like to see Mr. McNeal, an assistant State's Attorney. Pursuant to this request defendant was taken to the State's Attorney's office where he had a conversation with McNeal. Following the conversation the defendant signed a waiver of indictment by grand jury and a waiver of his right to trial by jury and a plea of guilty. The defendant was then taken before the court. The assistant State's Attorney informed the court that he had discussed the case with the defendant and had advised him of the two charges that would be filed against him and had discussed with him his past record. The court again advised the defendant of his right to counsel and if indigent that the court would appoint counsel. Before proceeding the court made the offer a second time and on both occasions defendant refused counsel. The court authorized the filing of an information charging the defendant in two counts with burglary and forgery. The defendant then waived his right to jury trial but before accepting the waiver the court for a third time that day informed the defendant of his right to counsel and again the defendant indicated that he did not want counsel. The court admonished the defendant as to the consequences of his pleas of guilty and accepted the defendant's pleas of guilty to both charges. The court offered the defendant an opportunity to present evidence in mitigation. The defendant elected not to call any witnesses but told the court his story in a narrative form. During the narration the defendant stated:

"I just want to get the whole thing over with and done with. I know the best I can get is what I talked to Mr. McNeal about. There is no way I can beat the case with the evidence the State has. With my past record, I know

I will go to the penitentiary."

The defendant detailed his past record for the court. He had been confined as a juvenile in different institutions on four separate occasions. Later, when he was 17 years old he was sentenced to the State penitentiary for armed robbery. Three months after he was released he was arrested for interstate transportation of a stolen vehicle, convicted and sentenced. Two months after his release he was sentenced to the State penitentiary for another armed robbery and was released from that sentence about four months before he was arrested on the present charges.

The State recommended a sentence of not less than three years nor more than eight years on each count, to run concurrently. The court then asked the defendant if the penalty recommended had been discussed with him and he answered, "Yes. That was instrumental in my signing the waiver of jury and the other papers placed before me."

Defendant complains that the plea negotiations were not spread of record. The pleas of guilty were entered herein on December 29, 1966. At that time there was no requirement either statutory or by rule of this court that plea negotiations be made a matter of record. Supreme Court Rule 402 (43 Ill.2d R. 402) which concerns itself with this subject was adopted in June of 1970 effective September 1, 1970, and therefore is not applicable to the case now under consideration. However, the record indicates that the court was informed that there had been a conversation between the defendant and the assistant State's Attorney at which time the assistant State's Attorney outlined the charges to be brought against the defendant and discussed defendant's record. The sentence which the assistant State's Attorney told the defendant he would recommend was in fact recommended. The defendant told the court that the sentence recommended had been discussed with him. Far from being a clandestine arrangement, the negotiations appear to have been stated to the trial court in some detail before the de-

fendant entered his pleas. Through the recital of the assistant State's Attorney and the narrative of the defendant the record contains a substantial factual basis for the pleas and in support of the recommended penalty.

The defendant's brief condemns one-sided plea negotiations under conditions which lead to a plea of guilty which cannot be truly said to be voluntary. We agree with such a condemnation and the authorities which the defendant has cited in support thereof. In this case a hearing was held on the defendant's post-conviction petition and the trial court denied the same. We have carefully read the record and feel that the evidence supports the determination of the trial court. The assistant State's Attorney did not ask that the defendant be brought to his office. It was the defendant who requested that he be taken to the State's Attorney's office. He went there for the purpose of negotiating a satisfactory penalty. In open court he told the judge that he knew that with the evidence the State had he could not beat the charge and he knew that with his past record he would be sentenced to the penitentiary. The defendant was well aware of his plight. He negotiated the best bargain he could. The record does not support defendant's claim that this was a one-sided plea negotiation.

The defendant contends that he was unlawfully denied his right to counsel at the plea negotiations. The record clearly shows that the defendant waived his right to counsel and asked that he be allowed to represent himself when he was originally brought before the court on December 20. There is also evidence in the record which indicates that the defendant had been advised of his right to counsel by law enforcement officers on other occasions before being brought into court. Subsequent to these admonishments and the waiver of his right to counsel in open court, he initiated the plea negotiations. He now contends that regardless of his waiver, counsel should have participated on his behalf in the plea bargaining session in the State's Attorney's office.

The constitution does not force a lawyer upon a defendant. He may waive his constitutional right to counsel if he knows what he is doing and his choice is made with his eyes open. (*Adams* v. *United States ex rel. McCann,* 317 U.S. 269, 87 L. Ed 268, 275, 63 S. Ct. 236; *People* v. *Bowman,* 40 Ill.2d 116.) The "right of a defendant to represent himself, when his choice is intelligently made, is as basic and fundamental as his right to be represented by counsel." *People* v. *Bush,* 32 Ill.2d 484, 487; *People* v. *Sinko,* 21 Ill.2d 23, 25.

The defendant was no novice. He had been before the court on numerous occasions. During the admonishment of the court when he pleaded guilty, he made such replies to the court as "I have been through it before" and "I realize that." When the court informed him he could have witnesses called in his behalf to testify in mitigation he replied, "Yes. I could subpoena them." The defendant was well versed in his rights. He knew of his right to counsel. He was repeatedly advised of this right and he knew what he was doing when he waived it. He is in no position to complain to this court.

*Judgment affirmed.*