Docket No. 107807.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JONATHAN BURNETT, Appellant.

*Opinion filed March 18, 2010.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

Following a bench trial in the circuit court of Cook County, defendant, Jonathan Burnett, was convicted of burglary (720 ILCS 5/19–1(a) (West 2004)) and possession of burglary tools (720 ILCS 5/19–2(a) (West 2004)). He was sentenced to concurrent prison terms of 10 and 3 years, respectively. Defense counsel subsequently filed a motion to reconsider sentence, which the circuit court denied, without a hearing, when defense counsel failed to appear on the appointed date. On appeal, defendant argued, *inter alia*, that (1) his sentence was excessive; (2) defense counsel was ineffective in the preparation of his motion to reconsider sentence and in failing to appear for a hearing on same; and (3) defendant was denied due process when the circuit court ruled upon his motion to reconsider in the absence of defendant and counsel. The appellate court rejected those contentions.

385 Ill. App. 3d 610. Defendant then filed a petition for leave to appeal, narrowing his claims of error to a single issue: whether "the complete deprivation of counsel at a critical stage requires a showing of prejudice and can be deemed harmless." We allowed defendant's petition (210 Ill. 2d R. 315), and now affirm the judgment of the appellate court, as we find that defendant did not suffer the deprivation of counsel, the trial court did not abuse its discretion when it ruled on the motion to reconsider in defense counsel's absence, and, in any event, counsel's absence did not result in an unfair proceeding that denied defendant substantial rights. We set forth hereafter only those facts necessary to provide a framework for our disposition.

## BACKGROUND

On August 7, 2006, following a bench trial in the circuit court of Cook County, defendant was found guilty of burglary and possession of burglary tools. Hearing on any posttrial motion was scheduled for August 29, 2006. On that date, defense counsel appeared and filed what could fairly be described as a boilerplate motion for new trial, raising 15 generic contentions of error. Before the court, the following colloquy ensued during the "hearing" on that motion:

"MR. O'MALLEY [defense counsel]: Your Honor, Mr. Barnett stands before the court. I filed a motion for a new trial, which I served on the State. Judge, I do not wish to argue it but ask for your Honor to rule on it.

THE COURT: [to the State] Your position?

MS. GAMBINO [prosecutor]: We ask that you deny it.

THE COURT: Denied."

Whereupon, defense counsel indicated that he was prepared to proceed immediately to sentencing.

In that regard, the State pointed out that defendant was subject to mandatory Class X sentencing because of his prior convictions. See 730 ILCS 5/5–5–3(c)(8) (West 2004). The presentence investigation report (PSI) indicated that defendant received a sentence of 30 months' periodic imprisonment for burglary in 1983. On September 14, 1995, he received three-year prison sentences for two burglaries charged in separate cases. The PSI states that defendant received 14

months' intensive probation on February 23, 1996, for a controlled substance offense, probation which defendant eventually violated. On September 11, 1996, defendant was sentenced to six years' incarceration for residential burglary, concurrent with two years' imprisonment for the probation violation. The offense/disposition section of the report concluded with a notation that defendant received "two days time served" on February 1, 2005, for retail theft.

Further, the PSI revealed that defendant (41 years of age at the time of the report) began experimenting with drugs at an early age, and has been a cocaine and heroin addict since age 25. Defendant said he was high on cocaine when he committed this burglary. He had not been employed since 1999, he supported no dependents, and was in fact supported by his family. The PSI indicated that defendant had been affiliated with two street gangs, though defendant claimed he was no longer a member.

The report notes that defendant suffered from learning disabilities and dropped out of school after the tenth grade. He had problems comprehending information, but had "excellent mechanical and artistic skills." He was a "self-taught mechanic who work[ed] on automobile engines." He was generally in good health at the time of the report.

Briefly addressing the court, the prosecutor observed that defendant had been given an opportunity for drug treatment in the past and "he did not finish that." She observed that this offense was defendant's sixth felony conviction, and that a minimum sentence of six years' incarceration was mandated by statute; however, she did not recommend a specific sentence.

Defense counsel acknowledged defendant's criminal record, but noted that he had been "in no trouble" since he had "been out on house arrest." Counsel stated that defendant's mother would be "willing to support him in any constructive manner" and he observed that defendant had "live[d] with his family without committing any more crimes for a short period during this." In light of defendant's "strong family support," counsel asked for the minimum sentence.

The circuit court sentenced defendant to 3 years in prison for possession of burglary tools, and 10 years' incarceration for burglary. The latter sentence was just four years over the minimum sentence required by statute. See 730 ILCS 5/5–8–1(a)(3) (West 2004) ("for a

Class X felony, the sentence shall not be less than 6 years and not more than 30 years").

On September 13, 2006, defense counsel filed a motion to reconsider sentence. Like the motion for new trial, this motion, too, could fairly be described as a boilerplate motion. In essence, this motion alleged that the sentence imposed upon defendant was excessive and failed to take into account his rehabilitative potential. Although one paragraph of the form motion referenced factors in mitigation that the court failed to consider, counsel left that section blank.

A docket entry indicates that the motion was originally assigned a hearing date of September 20, 2006. The record states that the cause was then continued, upon defendant's motion, to September 27, 2006. On that date, the court called the case, noting that defense counsel had filed a motion to reconsider sentence, "in a written form, suggesting that the sentence is excessive." The court then stated: "Considering the motion, despite the fact that Mr. O'Malley is not here and hasn't been here the last couple of times, I'm going to rule on the motion. Motion to reconsider the sentence is denied." Although the assistant State's Attorney was present, she offered no argument or other input whatsoever.

Following the court's denial of defendant's motion to reconsider, defense counsel made no objection to the court's ruling in his absence. Counsel was obviously following the progress of the case, as he filed a timely notice of appeal on defendant's behalf.

The appellate court affirmed the judgment of the circuit court, rejecting, *inter alia*, defendant's contentions that (1) counsel rendered ineffective assistance through inadequate preparation of defendant's motion to reconsider, and counsel's failure to appear when the motion was scheduled for disposition, and (2) defendant was denied his right to counsel when the court ruled on the motion in counsel's absence.


ANALYSIS

Before this court, defendant contends that this cause should be remanded for "a new hearing" on his motion to reconsider sentence "because the sentencing court ruled on the motion at an *ex parte* hearing, in violation of [defendant's] absolute right to be represented

by counsel at critical stages of the proceedings."

We emphasize at the outset that use of the term "hearing" in this context seems to us a misnomer. No one presented evidence or testimony; no one argued the merits or demerits of defendant's motion. The cause was called up, as scheduled, and the court ruled on the motion without input from the State. There was no "hearing" in any accepted sense of the word, much less an "*ex parte* hearing." Black's Law Dictionary defines an "*ex parte* hearing" as one "in which the court or tribunal hears only one side of the controversy." Black's Law Dictionary 517 (5th ed. 1979). "A judicial proceeding *** is said to be *ex parte* when it is taken or granted at the instance or for the benefit of one party only, and without notice to, or contestation by, any person adversely interested." Black's Law Dictionary 517 (5th ed. 1979); *Parks v. McWhorter*, 106 Ill. 2d 181, 185 (1985) (same). There was no *ex parte* hearing from which defense counsel was excluded.

The question then becomes whether, as defendant contends, he was denied representation during postsentencing proceedings. For the reasons that follow, we hold he was not. As we see it, this defendant was provided uninterrupted representation during criminal proceedings in the circuit court, to and including the filing of a notice of appeal.

The focus here is defendant's motion to reconsider sentence. The purpose of a motion to reconsider sentence is not to conduct a new sentencing hearing, but rather to bring to the circuit court's attention changes in the law, errors in the court's previous application of existing law, and newly discovered evidence that was not available at the time of the hearing. *People v. Medina*, 221 Ill. 2d 394, 413 (2006). Section 5–8–1(c) of the Code of Corrections (730 ILCS 5/5–8–1(c) (West 2004)) requires the filing of a written motion to reconsider in order to preserve sentencing issues for appeal. *People v. Reed*, 177 Ill. 2d 389, 393-94 (1997).

Counsel *did* raise, and preserve for appeal, a sentencing issue via the motion to reconsider. Indeed, an excessive-sentence argument–suggesting that the court should have weighed aggravating and mitigating factors differently–appears to be the only "arguable" sentencing issue discernible in this record. We emphasize the marginal nature of even that issue because, as the appellate court

observed, "[t]en years is hardly a draconian sentence under the circumstances." 385 Ill. App. 3d at 615. Beyond preservation of the excessive-sentence argument for subsequent consideration before an appellate tribunal, it is difficult to see what counsel would have gained by rearguing the same points he made at sentencing–before the same judge–in a hearing on the motion to reconsider.

The circumstances strongly suggest that counsel, too, came to that realization, and that accounted for his absence on the date scheduled for disposition of the motion. We note, initially, that counsel was not given to verbosity, as evinced by his waiver of argument at the "hearing" on defendant's motion for new trial and his succinct argument at sentencing. We find it significant that counsel in this case did not object to the rendition of a ruling in his absence. Counsel was obviously monitoring the progress of the case, because, after the ruling on the motion to reconsider, counsel filed a timely notice of appeal on defendant's behalf. It was counsel's decision whether or not to argue the motion. In *Medina*, we recognized certain trial decisions that ultimately belong to a criminal defendant. Whether or not to argue a postsentencing motion is not among them. See *Medina*, 221 Ill. 2d at 403-10. It was defense counsel's call to make, and it is apparent that nothing would be gained by making the same sentencing arguments before the same judge that imposed defendant's sentence.

Beyond this observation, we find that the ultimate decision to allow oral argument on the motion, as constituted, was vested within the discretion of the circuit court, and that discretion was not abused in this case.

We begin this portion of our analysis with the United States Supreme Court's decision in *Herring v. New York*, 422 U.S. 853, 863, 45 L. Ed. 2d 593, 601, 95 S. Ct. 2550, 2555-56 (1975). In *Herring,* the Supreme Court held that a New York statute which gave trial courts discretion as to whether parties would be allowed to deliver closing arguments denied the defendant "the assistance of counsel that the Constitution guarantees." *Herring*, 422 U.S. at 865, 45 L. Ed. 2d at 602, 95 S. Ct. at 2556. In reaching that conclusion, however, the majority decision was rife with cautionary comments and limitations on the reach of the decision:

> "This is not to say that closing arguments in a criminal

case must be uncontrolled or even unrestrained. The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations. He may limit counsel to a reasonable time and may terminate argument when continuance would be repetitive or redundant. He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects he must have broad discretion." *Herring*, 422 U.S. at 862, 45 L. Ed. 2d at 600, 95 S. Ct. at 2555.

More to the point, for our purposes, the Court noted that the decision was not meant to establish a general right to oral argument at all stages of a criminal case; quite the contrary:

"We deal in this case only with final argument or summation at the conclusion of the evidence in a criminal trial. Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process." *Herring*, 422 U.S. at 863 n.13, 45 L. Ed. 2d at 601 n.13, 95 S. Ct. at 2556 n.13

Since *Herring*, this court has in fact underscored *Herring*'s limitations, holding that there is no absolute right to oral argument on a motion for directed verdict (*People v. Withers*, 87 Ill. 2d 224, 231-32 (1981)) or on appeal (*People v. Navarroli*, 121 Ill. 2d 516, 529 (1988)).

In *Withers*, en route to its holdings that a defendant has no absolute right to orally argue a motion for directed verdict at the close of the State's case, and that the trial court did not abuse its discretion in denying oral argument, this court noted that "courts have rejected claims founded on the sixth amendment of a right to argue at stages other than the time for summation." *Withers*, 87 Ill. 2d at 228-29. In reaffirming the trial court's discretion in such matters, this court cited, approvingly, a prior decision in *People v. Sally*, 17 Ill. 2d 578 (1959), "holding that argument on a motion for a new trial is discretionary." *Withers*, 87 Ill. 2d at 231.

We are not inclined, given the circumstances of this case and the arguments presented herein, to extend the absolute right to oral argument beyond its current circumscribed parameters. We hold that

defendant had no absolute right to oral argument on his motion to reconsider sentence. We note that our prevailing case authority in this respect is, perhaps, a recognition that, in most instances, what can be said in oral argument can be presented in *at least* as orderly, succinct, and coherent a manner when reduced to writing. Certainly, in this context, counsel's absence in court on September 27, 2006, did not result in an unfair proceeding that denied defendant either substantial rights or the opportunity to adequately espouse his position.

Under the circumstances, the circuit court did not abuse its discretion when it proceeded to rule on the motion to reconsider without further input from either side. We observe, in passing, that it is abundantly clear that defendant has abandoned his ineffective assistance of counsel claims, and would have us apply the standard of *United States v. Cronic,* 466 U.S. 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984), because he has no underlying issues of merit, *i.e.*, there was nothing of substance for counsel to argue. It is obvious that counsel had few favorable facts at his disposal, and many unfavorable ones with which to contend. There is a *reason* no ineffective assistance claims have been reiterated in this court–the same reason counsel apparently chose not to appear on the date scheduled for disposition of the motion.

In sum, we hold that this defendant *was* represented by counsel throughout the proceedings in the circuit court, and the trial court did not abuse its discretion in ruling on the motion to reconsider sentence in counsel's absence and without first entertaining oral argument on the motion. Though our analysis is not *entirely* congruent with that of the appellate court, we are in no way constrained by the appellate court's reasoning and may affirm on any basis supported by the record. *People v. Durr*, 215 Ill. 2d 283, 296 (2005).

For the reasons stated herein, we affirm the judgment of the appellate court.

*Affirmed.*