# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Black*, 2011 IL App (5th) 080089

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY E. BLACK, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5–08–0089 |
| Filed | June 8, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for multiple counts of unlawful delivery and possession of controlled substances were reversed and the cause was remanded where the trial court failed to admonish defendant as required by Supreme Court Rule 401(a), notwithstanding the State's contentions that defendant had an extensive criminal history and knowledge of his right to counsel, that his interactions with the trial court at his preliminary hearing showed that he was aware of his right to counsel and that after the preliminary hearing concluded, defendant asked for and was appointed counsel, since *Bolden* held that the failure to issue Rule 401 admonitions before a preliminary hearing mandated reversal, the presence of counsel at a preliminary hearing is vital to defendant's development of his case, it is impossible in retrospect to guess what the exact benefit of counsel would have been, and in defendant's case, the trial court agreed with defendant's self-assessment after the preliminary hearing that he was "not suited for this," and defendant should have been allowed to engage in self-representation only if he voluntarily, knowingly and intelligently waived the right to counsel in open court after being properly admonished at his preliminary hearing; additionally the evidence against defendant was sufficient to avoid any double jeopardy concerns. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Saline County, No. 06–CF–144; the Hon. Walden E. Morris, Judge, presiding. |
| Judgment | Reversed; cause remanded. |
| Counsel on Appeal | Michael J. Pelletier, Johannah B. Weber, and Robert S. Burke, all of State Appellate Defender's Office, of Mt. Vernon, for appellant. |
| | Michael Henshaw, State's Attorney, of Harrisburg (Patrick Delfino, Stephen E. Norris, and Kelly M. Stacey, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion. |
| | Justices Welch and Donovan concurred in the judgment and opinion. |

**OPINION**

¶ 1 In the circuit court of Saline County, defendant, Rodney E. Black, was charged with multiple counts of possession and delivery of controlled substances. After a jury found defendant guilty of the charges, the circuit court entered a judgment on the verdict. On appeal, defendant raised numerous issues, including whether the failure to admonish him of his right to counsel at a preliminary hearing warranted a reversal. We reversed and remanded.

¶ 2 Defendant filed a petition for rehearing. We granted the petition, the State filed an answer, and defendant filed a reply. Upon reconsideration, we have revised our original opinion in only one respect–to deal with the question of the sufficiency of the evidence to sustain the conviction in light of double jeopardy concerns.

¶ 3 FACTS

¶ 4 On May 23, 2006, defendant was charged by information with unlawful delivery of less than a gram of a controlled substance (cocaine), possession of a controlled substance (cocaine), possession of a controlled substance (alprazolam), possession of a controlled substance (hydrocodone), possession of drug paraphernalia (scales), and possession of 2.5 grams to 10

grams of cannabis.

¶ 5 On May 24, 2006, the court entered a docket entry stating, "[Defendant] will represent self–50,000 [*sic*] Bond–PH set–per notice." The court checked a box on a written order stating, "Defendant indicates Private Counsel: self."

¶ 6 Prior to his preliminary hearing, defendant sent to the court two letters asking for legal research materials. In a handwritten note dated May 30, 2006, defendant stated, "I am representing myself on the court case ***." Defendant wrote that he needed law books, including the "Illinois Court Rules and Procedures" and the "Trial Handbook for Illinois Lawyers." In a letter dated June 1, 2006, defendant sent another handwritten note:

> "Could you please assist me in obtaining or at least having access to: Illinois Court Rules and Procedures Volume III Circuit Courts [and] Trial Handbooks for Illinois Lawyers 7th (Civil and Criminal Sentencing) 8th (Criminal and Homicide)[,] [s]o I can successfully represent myself."

¶ 7 On June 13, 2006, the court conducted a preliminary hearing. The record commences with the court stating, "[D]efendant is representing himself and he's present this afternoon."

¶ 8 The hearing concluded with the following colloquy:

> "THE COURT: You may step down. The Court's heard the evidence. I find probable cause to support the charges. I'm going to have the clerk set the pretrial and a jury trial on this case and send notice. Mr. Black, you need to reconsider having an attorney appointed to represent you.
>
> THE DEFENDANT: I will. I strongly–I hoped you could get me one tomorrow because I'm not very good at this.
>
> THE COURT: Well, I agree. It's going to make–it's going to make it twice as tough when you have a jury sitting here.
>
> THE DEFENDANT: Right. No. I was going to ask you, Your Honor, if I could get a public defender appointed to me please.
>
> THE COURT: Okay.
>
> THE DEFENDANT: Because this is a big undertaking. And I'm not–I'm not suited for this.
>
> THE COURT: I will let you know. I've got to find out if anybody's–anybody might have conflicts. Do you know?
>
> [Assistant State's Attorney:] I don't know, Judge.
>
> THE COURT: Why is that?
>
> THE DEFENDANT: Because he represented me last time and I had him investigated for not representing me right[,] I thought. And I asked that he be removed from my case. Your Honor, do you think it's possible I could file a couple of motions while I'm here, please?
>
> THE COURT: I'm going to appoint Nathan Rowland to represent you. You look at–you have him look at your motions before you file them.
>
> THE DEFENDANT: Are you going to set up a hearing date, Your Honor?

THE COURT: No. I'm going to have the clerk do that."

¶ 9 Counsel was appointed for defendant and he proceeded to a trial. A jury found defendant guilty on all the counts, and a judgment was entered on the verdict. Defendant appeals.

¶ 10                                                    ANALYSIS

¶ 11 The right to counsel is a cornerstone of our criminal justice system. This right is enshrined in both the United States Constitution and the Illinois Constitution. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. The right attaches at the commencement of judicial proceedings, be it an arraignment or a preliminary hearing. *Coleman v. Alabama*, 399 U.S. 1, 9 (1970); see *People v. Adams*, 46 Ill. 2d 200, 206, 263 N.E.2d 490, 493 (1970) (*Coleman* applies retroactively), *aff'd*, 405 U.S. 278 (1972). A defendant has the right to waive counsel and represent himself. *People v. Nelson*, 47 Ill. 2d 570, 574, 268 N.E.2d 2, 5 (1971). The gravity of a waiver requires a trial court to fully inform a defendant of both the nature of the right being abandoned and the consequences of the decision. *People v. Kidd*, 178 Ill. 2d 92, 104-05, 687 N.E.2d 945, 952 (1997). In other words, a defendant may engage in self-representation only if he voluntarily, knowingly, and intelligently waives his right to counsel. *People v. Campbell*, 224 Ill. 2d 80, 84, 862 N.E.2d 933, 936 (2006).

¶ 12 In Illinois, Supreme Court Rule 401 guides the procedure for a waiver of counsel. Rule 401 provides as follows:

"Rule 401. Waiver of Counsel

(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

(b) Transcript. The proceedings required by this rule to be in open court shall be taken verbatim[ ] and upon order of the trial court transcribed, filed[,] and made a part of the common law record." Ill. S. Ct. R. 401 (eff. July 1, 1984).

¶ 13 Defendant was not afforded the protections of Rule 401 at his preliminary hearing. On appeal, defendant characterizes the proceeding as a violation of the requirement of a verbatim recording outlined in paragraph (b). Defendant's emphasis on paragraph (b) is understandable. Although Illinois has declined to enforce a formalistic approach to the substantive requirements outlined in paragraph (a), the recording requirements of paragraph (b) have been seen as calling for strict compliance. *People v. Robertson*, 181 Ill. App. 3d 760, 763, 537 N.E.2d 1036, 1039 (1989); *People v. Montgomery*, 298 Ill. App. 3d 1096, 1098, 700 N.E.2d 1085, 1088 (1998) (a bystander's report is insufficient to comply with the strict

requirements of Rule 401(b)). Nonetheless, if the issue is confined to the events at the preliminary hearing, the query does not center on the technicality of recording. A verbatim recording was taken of the preliminary hearing, and a transcript was made a part of the common law record.

¶ 14 The trial court failed to admonish defendant as required by Rule 401. Rule 401(a) requires the trial court to describe the nature of the charge, the possible sentence, and the right to counsel. Ill. S. Ct. R. 401(a) (eff. July 1, 1984). The rule flatly states that any waiver of counsel must be in open court. At the conclusion of the preliminary hearing, however, defendant requested counsel and an attorney was appointed to represent him. Thus, the question before this court hinges on the vitality of the right to counsel at a preliminary hearing.

¶ 15 Illinois has long recognized that a preliminary hearing is a critical stage in prosecution. *Coleman*, 399 U.S. at 9; *Adams*, 46 Ill. 2d at 205, 263 N.E.2d at 492. Thus, the defendant has a constitutional right to counsel at a preliminary hearing. *People v. Bolden*, 59 Ill. App. 3d 32, 33, 374 N.E.2d 1307, 1308 (1978); see *People v. Sephus*, 46 Ill. 2d 130, 132, 262 N.E.2d 914, 915 (1970) (the fact that a defendant may waive a preliminary hearing *pro se* does not undermine the right to counsel at the hearing).

¶ 16 The role of counsel at a preliminary hearing is not limited to assisting a defendant in his claim that there was no probable cause. Counsel at a preliminary hearing may assist the defendant in effectively discovering the strengths and weaknesses in the State's case, preserving favorable evidence, and strengthening the defendant's claim for bail and the suppression of incriminating evidence. See *People v. Houston*, 174 Ill. App. 3d 584, 589, 529 N.E.2d 292, 295 (1988); *Bolden*, 59 Ill. App. 3d at 33, 374 N.E.2d at 1308.

¶ 17 *Bolden* held that the failure to issue Rule 401 admonitions before conducting a preliminary hearing mandated a reversal. As in the case at hand, the defendant in *Bolden* was represented by counsel at the trial but not at his preliminary hearing. *Bolden*, 59 Ill. App. 3d at 33, 374 N.E.2d at 1308. *Bolden* found that the admonitions administered to the defendant were inadequate. *Bolden* noted that the defendant had been admonished by the trial court that he had a right to be represented by the public defender at the hearing but that the record suggested that the defendant misapprehended the nature of the charges as the possession of a controlled substance, rather than the delivery of a controlled substance. *Bolden*, 59 Ill. App. 3d at 34, 374 N.E.2d at 1309. *Bolden* held that the failure to adhere to the strictures of Rule 401 violated the defendant's rights. The court described the necessity for issuing Rule 401 admonitions prior to a preliminary hearing:

"As *Coleman* indicates, it is impossible for a reviewing court to guess in retrospect what assistance may have been afforded by the presence of defense counsel at the preliminary hearing. What is clear is that the defendant was not released from custody because the court determined that there was probable cause to believe an offense had been committed by him. The court's failure to properly admonish the defendant prevented him from making a voluntary and knowledgeable choice as to representing himself or being represented by counsel. The assistance of that counsel at the preliminary hearing may have resulted in the defendant's release, thereby

permitting him to more effectively assist in the preparation of his case for trial. In any event, it seems certain that had he been given the proper admonitions, he would have known and understood the nature of the offense with which he was charged. We, therefore, find that the court's failure to comply with Supreme Court Rule 401(a) at the preliminary hearing did indeed contribute to defendant's later conviction. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.)" *Bolden*, 59 Ill. App. 3d at 35, 374 N.E.2d at 1309.

This language controls our disposition.

¶ 18    The State does not address *Bolden* in its appellate brief. Instead, the State contends that defendant failed to display prejudice. The State's response is manifold and intertwined. First, the State points to evidence in the record suggesting that defendant was aware of his right to counsel. Second, the State contends that defendant failed to meet the burden of proof under the plain error doctrine. These arguments fail in light of *Bolden*.

¶ 19    The State contends that defendant had actual knowledge of his right to counsel. The State points out that the defendant had an extensive criminal history. The State also asserts that defendant interacted with the court in a manner that indicated he was aware of his right to counsel. At the conclusion of the preliminary hearing, the court asked whether defendant wished "to reconsider having an attorney appointed to represent" him. The State asserts that this intimates that the judge had recommended to defendant that he accept court-appointed counsel prior to the preliminary hearing. The State asserts that the two letters defendant sent to trial court judges in the month before the preliminary hearing asking for legal research materials show that defendant had communicated with the court about self-representation and that he possessed a degree of legal sophistication.

¶ 20    Although the State places its argument in terms of prejudice, Illinois has addressed similar claims in terms of substantial compliance. Illinois has recognized two categories of substantial compliance with Rule 401. *People v. Koch*, 232 Ill. App. 3d 923, 926, 598 N.E.2d 288, 290 (1992). First, an otherwise inadequate admonition may be constitutionally sufficient if the absence of a detail did not impede the defendant from giving a knowing and intelligent waiver. See *People v. Johnson*, 119 Ill. 2d 119, 132, 518 N.E.2d 100, 106 (1987) (the admonitions failed to state the minimum sentence); *People v. Coleman*, 129 Ill. 2d 321, 334, 544 N.E.2d 330, 336 (1989) (the admonitions incorrectly stated the minimum sentence); see also *People v. Haynes*, 174 Ill. 2d 204, 243, 673 N.E.2d 318, 336 (1996) (the admonishments were sufficient without stating the minimum sentence because the defendant had standby counsel). Second, a defendant may be seen as possessing a degree of knowledge or sophistication that excuses the lack of admonition. See, *e.g.*, *Houston*, 174 Ill. App. 3d at 589, 529 N.E.2d at 295 (the defendant's displayed knowledge and training as a paralegal excused an admonition at the preliminary hearing). Although a defendant's criminal history has been seen as enhancing otherwise substantial compliance in the form and frequency of admonitions, the State is unable to point to any instance where a defendant's criminal history has been found to justify the lack of any admonition. See, *e.g.*, *People v. Phillips*, 392 Ill. App. 3d 243, 264, 911 N.E.2d 462, 483 (2009) (extensive court experience was seen as a fourth factor supplementing a finding of substantial compliance); *People v. Black*, 68 Ill. App. 3d 309, 312-13, 385 N.E.2d 899, 902 (1979) (substantial compliance was found despite

the failure to properly advise of the sentencing range, considering the defendant's prior convictions for the same type of offense); *Nelson*, 47 Ill. 2d at 574, 268 N.E.2d at 5 (the defendant was frequently admonished); *cf. Koch*, 232 Ill. App. 3d at 926, 598 N.E.2d at 290 (the defendant's recent felony deceptive practices conviction was not seen as a factor). This case does not involve a determination of whether an otherwise inadequate admonition was sufficient given the circumstances. In the case at hand, the record contains no admonition.

¶ 21 *Bolden* highlights the insufficiency of the State's claims. In *Bolden*, the defendant was actually advised that he had a right to be represented by a public defender at his preliminary hearing. *Bolden*, 59 Ill. App. 3d at 34, 374 N.E.2d at 1308-09. *Bolden* found that this admonition was insufficient under Rule 401. As evidence, the court pointed to the defendant's continued misapprehension of the charges against him. Furthermore, the defendant's criminal record did not cure the inadequacy of the admonitions. In *Bolden*, as in the case at hand, the defendant had a criminal history. *Bolden*, 59 Ill. App. 3d at 34, 374 N.E.2d at 1308 (the court declined to address issues of the improper admission of evidence regarding a prior conviction); see, *e.g.*, *Koch*, 232 Ill. App. 3d at 926, 598 N.E.2d at 290 (the defendant had a recent felony deceptive practices conviction). *Bolden* did not ponder how the defendant's criminal history could have cured any inadequacy in the admonition.

¶ 22 Statements the court made to defendant before the preliminary hearing fall short of those in *Bolden*. The two letters merely ask for research materials. They do not display knowledge that is supposed to be imparted by Rule 401, and the handwritten notes certainly do not evidence a high degree of legal sophistication. Furthermore, the colloquy is ambiguous. Although the court used the term "reconsider," defendant stated, "I hoped you could get me [an attorney] tomorrow" and "I was going to ask you, Your Honor, if I could get a public defender appointed to me please." Nor does defendant's performance indicate a high level of legal sophistication. After all, the court agreed with defendant's self-assessment that his performance had been "not very good." Unlike *Bolden*, defendant did not receive admonitions in open court of his right to counsel.

¶ 23 The State contends that defendant has failed to display prejudice sufficient to mandate a reversal under the doctrine of plain error. Defendant failed to raise the issue before the trial court. Nonetheless, this court may review defendant's claims under the doctrine of plain error. See *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991). The State contends that defendant has failed to show that the error undermined his right to a fair trial. See *People v. Patterson*, 217 Ill. 2d 407, 444, 841 N.E.2d 889, 910 (2005). The State argues that defendant has failed to meet the burden of showing prejudice and that a reversal would be futile. See *People v. Tufte*, 165 Ill. 2d 66, 79, 649 N.E.2d 374, 380 (1995); *People v. Cameron*, 286 Ill. App. 3d 541, 544, 675 N.E.2d 1002, 1004 (1997). The State's diagnosis is mistaken.

¶ 24 Defendant has shown plain error. The right to counsel is fundamental. Over the last decade, Illinois has found numerous instances where the failure to issue Rule 401 admonitions was plain error. *People v. Vernón*, 396 Ill. App. 3d 145, 150, 919 N.E.2d 966, 972 (2009); *People v. Jiles*, 364 Ill. App. 3d 320, 329, 845 N.E.2d 944, 952 (2006); *People v. Herring*, 327 Ill. App. 3d 259, 261, 762 N.E.2d 1186, 1188 (2002); *People v. Stoops*, 313 Ill. App. 3d 269, 273, 728 N.E.2d 1241, 1244 (2000); *cf. People v. Ogurek*, 356 Ill. App. 3d 429, 433, 826

N.E.2d 605, 608 (2005).

¶ 25 Recently, *Vernón* illustrated plain error review for the failure to issue Rule 401 admonitions. *Vernón*, 396 Ill. App. 3d at 152-53, 919 N.E.2d at 975. In *Vernón*, a defendant filed a motion to dismiss after a remand and proceeded *pro se*. The defendant appealed, arguing that the failure to inform him of his right to counsel before the hearing on the motion to dismiss deprived him of constitutional protections. The defendant had failed to raise his Rule 401 argument in his posttrial motion. *Vernón* initially noted doubt concerning any claim that a defendant can forfeit his right to receive a proper admonition of the right to counsel. *Vernón*, 396 Ill. App. 3d at 149, 919 N.E.2d at 972; see *People v. Whitfield*, 217 Ill. 2d 177, 188, 840 N.E.2d 658, 665-66 (2005). *Vernón* then proceeded to review the defendant's claim under the doctrine of plain error. *Vernón* noted that the right to counsel is "a classic area of plain-error review." *Vernón*, 396 Ill. App. 3d at 150, 919 N.E.2d at 973. The court rejected a need for a factual analysis of prejudice:

> "When a defendant suffers a complete absence, at a 'critical stage' of the prosecution, of the sixth amendment right to counsel, he or she is entitled to a reversal of that conviction without showing that the deprivation caused him or her prejudice. The sixth amendment right to counsel applies to all 'critical stages' of the prosecution, 'including pretrial, trial, and sentencing.' *People v. Allen*, 220 Ill. App. 3d 772, 781[, 580 N.E.2d 1291, 1297] (1991), citing *United States v. Gouveia*, 467 U.S. 180, 81 L. Ed. 2d 146, 104 S. Ct. 2292 (1984)." *Vernón*, 396 Ill. App. 3d at 152-53, 919 N.E.2d at 975.

¶ 26 *Vernón* noted the vitality of the presence of counsel at the hearing on the motion to dismiss. In language reminiscent of the description of a preliminary hearing in *Bolden*, *Vernón* found that "the way the defendant frames the issues [at the hearing on the motion to dismiss] is likely to have lasting consequences." *Vernón*, 396 Ill. App. 3d at 154, 919 N.E.2d at 976. *Vernón* concluded as follows:

> "Because defendant did not receive proper admonishments under Rule 401(a), he could not give a proper waiver of his right to counsel. As he lacked counsel at a critical stage of the proceedings, we must presume that he was prejudiced by the lack of counsel. Defendant is thus entitled to a new trial unaffected by uncounseled choices he made in his motion to dismiss. We remand the matter for a new trial, including, potentially, Rule 401(a) admonitions and a new motion to dismiss." *Vernón*, 396 Ill. App. 3d at 154, 919 N.E.2d at 976.

¶ 27 A preliminary hearing, in contrast to posttrial proceedings, allows counsel to examine witnesses and discover the strengths and weaknesses of the prosecution. *Cf. People v. Burnett*, 385 Ill. App. 3d 610, 618, 897 N.E.2d 827, 835 (2008) (discussing the burden to show prejudice in posttrial critical stages), *aff'd*, 237 Ill. 2d 381, 930 N.E.2d 953 (2010). The significance of these distinctions is illustrated by *Bolden*. As *Bolden* makes clear, the pretrial nature of a preliminary hearing makes the presence of counsel vital to the defendant's development of his case. *Bolden* stated that it was impossible in retrospect to guess what the exact benefit of counsel would have been but that it could have allowed the defendant to more effectively prepare for the trial. The trial court effectively made the same statement

when it agreed with the defendant's self-assessment after the preliminary hearing that he was "not suited for this." *Bolden* remains unchallenged in the several decades since its issuance, and as long as it is good law, it controls our disposition.

¶ 28 Because the judgment of the circuit court is reversed, this court need not reach the other issues raised by defendant on appeal.

¶ 29 In light of our disposition of this appeal, we must consider the sufficiency of the evidence presented, to avoid any concerns of double jeopardy. *People v. Morris*, 135 Ill. 2d 540, 550-51, 554 N.E.2d 150, 155 (1990); *People v. Taylor*, 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375 (1979). In this consideration, we review the evidence in a light most favorable to the prosecution. *People v. Williams*, 118 Ill. 2d 407, 416, 515 N.E.2d 1230, 1235 (1987).

¶ 30 Defendant's argument on sufficiency focuses on counts III and IV, possession of alprazolam and hydrocodone, specifically, whether the pills taken from defendant contained these controlled substances. The evidence shows that Officer Crank of the Harrisburg police department took these pills to Mr. Bill Jerrells, a licensed Illinois pharmacist authorized to dispense controlled substances. The court ruled that Jerrells was an expert in the field of pharmacy. In his testimony, Jerrells identified the pills as containing hydrocodone and alprazolam, and he stated that both were controlled substances. Viewing the record as a whole, we conclude that the evidence was sufficient to sustain the jury's verdict of guilty. Accordingly, the State's burden under *Morris* and *Taylor* has been met.

¶ 31 CONCLUSION

¶ 32 Accordingly, the judgment of the circuit court of Saline County is hereby reversed, and the cause is remanded for proceedings consistent with this decision.

¶ 33 Reversed; cause remanded.