NOTICE

Decision filed 02/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200203-U

NO. 5-20-0203

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 18-CF-233 |
| | ) | |
| CHARLES D. YODER, | ) | Honorable |
| | ) | Kevin S. Parker, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The judgment of the trial court is affirmed where the court did not abuse its discretion in denying the defendant leave to withdraw his guilty plea, and the record reveals substantial compliance with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). The defendant's appointed counsel on appeal is granted leave to withdraw.

¶ 2    The defendant, Charles D. Yoder, entered an open guilty plea to theft and was sentenced to three years in prison. The defendant thereafter filed a motion to withdraw his plea and sought to modify his sentence. The trial court denied the defendant relief, and he now appeals.

¶ 3    The defendant's appointed attorney, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD filed a motion for leave to withdraw as counsel (see *Anders v. California*, 386 U.S. 738 (1967)), along with a memorandum in support of the motion. OSAD provided the defendant with a copy of its *Anders* motion and

1

memorandum. The court has provided defendant with the opportunity to file a written *pro se* response explaining why this appeal has merit. The defendant has filed a response. Having reviewed OSAD's *Anders* motion and memorandum, the defendant's response, and the entire record on appeal, this court concludes that the instant appeal does indeed lack merit. Accordingly, we grant OSAD leave to withdraw and affirm the judgment of the circuit court.

¶ 4                                    BACKGROUND

¶ 5       In 2018, the defendant was charged by information with one count of Class 3 felony theft. The count alleged that on May 18, 2018, he knowingly exerted unauthorized control of a wallet and currency belonging to Lorenzo Chopol, having a value in excess of $500, but less than $10,000, intending to deprive Chopol permanently of the use and benefit of the property. 720 ILCS 5/16-1(a)(1)(A), (b)(4) (West 2018). The information stated that defendant was eligible for an extended-term prison sentence. A bill of indictment was filed on July 18, 2018.

¶ 6       During the pendency of this case, the defendant was charged with aggravated battery and retail theft in case No. 18-CF-482, arising from a December 11, 2018, incident at the Flying J truck stop.[1]

¶ 7       On February 25, 2019, trial counsel sent a letter to the defendant detailing a plea offer from the State. If defendant would enter a plea of guilty a proposed second count—the Class 4 offense of theft with a prior conviction—the State would dismiss count I, the Class 3 felony theft charge, as well the Flying J case. The letter stated that at sentencing, the trial court could impose probation, conditional discharge, or a prison term up to the extended-term sentence for a Class 4 offense which was six years. Counsel acknowledged that the offer "may not be everything" that the

---

[1]The defendant was also charged with retail theft in case No. 19-CF-19. That case was dismissed on January 23, 2019.

defendant wanted, but noted that footage depicted the offense, the more serious charges would be dismissed, and the defendant would no longer be subject to consecutive sentencing for committing a felony while on bail for another felony.

¶ 8 On March 1, 2019, the State charged the defendant with a second count of theft in this case. Count II alleged that on May 18, 2018, he knowingly exerted unauthorized control of a wallet and currency belonging to Chopol, having a total value in excess of $500, but less than $10,000, intending to deprive Chopol permanently of the use and benefit of the property and that the defendant was previously convicted of burglary.

¶ 9 At a hearing the same day, the State asked for a sentencing date for the open plea and stated that case No. 18-CF-482 was dismissed as part of the plea.

¶ 10 The court admonished the defendant that count II alleged that on May 18, 2018, he committed theft in that he knowingly exerted unauthorized control over Chopol's property, which had a value of more than $500, but less than $10,000, and that he was previously convicted of burglary in case No. 80-CF-17. The court further stated that the offense was a Class 3 felony with a sentencing range of 2 to 5 years in prison, followed by 1 year of mandatory supervised release, and that based upon the defendant's criminal history, he may be eligible for an extended-term sentence of 2 to 10 years in prison.

¶ 11 Defendant asked to confer with his attorney. Trial counsel then stated that there was an error in the charging document. The State asked for leave to amend count II to allege that the value of the property was less than $500, and that the offense was a Class 4 felony. The court granted leave and asked the defendant whether he understood the amendments. The defendant stated that he understood, as that was "the original offer" to which he agreed.

3

¶ 12    The trial court then stated that the sentencing range for a Class 4 felony was one to three years in prison, and that an extended-term sentence was one to six years in prison. The defendant indicated that he understood. The court then admonished the defendant that he had the right to a trial where he would be presumed innocent, would be represented by an attorney, and could confront the State's witnesses, remain silent, and present a defense. The defendant stated that he understood. The court asked whether any threats or promises resulted in the plea, and the defendant stated that he was acting of his "own free will."

¶ 13    The State presented the factual basis for the plea, explaining that surveillance footage depicted the defendant taking a wallet containing "about" $500 from Chopol.

¶ 14    The trial court accepted the factual basis for the plea, found that the plea was knowing and voluntary, and continued the case for sentencing. The defendant did not appear at the June 3, 2019, sentencing hearing. At a hearing on August 9, 2019, the trial court noted that the defendant pled guilty to a Class 4 felony and asked whether he was eligible for an extended-term sentence. The State responded affirmatively.

¶ 15    On August 16, 2019, the trial court noted that the parties' joint sentence recommendation was three years in prison. The defendant stated that he agreed with this sentence. The trial court accepted the recommendation and imposed a three-year prison term. The court admonished the defendant regarding his appeal rights and that he had 30 days to file a motion to withdraw the guilty plea or modify the sentence. The court noted that if the motion to modify were granted, the defendant's sentence could be modified, and if his motion to withdraw the guilty plea were granted, the case would "start all over again." The defendant stated that he understood. The court finally stated that trial counsel would continue to represent the defendant during this 30-day period, and the defendant indicated that he understood.

4

¶ 16    On September 9, 2019, the defendant filed a *pro se* "Motion to Vacate Unconstitutional Sentence," alleging that he "accidently discovered" and took the victim's wallet, and that he was denied effective assistance.

¶ 17    In a supporting affidavit, the defendant averred that the charging document at the March 1, 2019, hearing alleged a Class 3 felony, was amended twice, and changed the "very nature" of the elements of the offense. The defendant asserted that the charging document described a misdemeanor, that the enhancement to a Class 4 felony was not raised or explained to him, and that he was threatened with the extended-term sentence for a Class 4 offense although he was not charged with a felony. The defendant concluded that the trial court, the State, and trial counsel allowed an "unconstitutional punishment." On September 12, 2019, the defendant filed a *pro se* motion to withdraw the plea and vacate the sentence.

¶ 18    On September 13, 2019, trial counsel filed a motion to withdraw as counsel based upon the defendant's *pro se* ineffective assistance claim.

¶ 19    On September 19, 2019, the defendant filed a *pro se* "Amendment Clarification to Post-Conviction Motion," requesting a hearing on his ineffective assistance claims and asserting that he did not seek to withdraw the plea to "what he believe[d] *** he pled guilty to," but rather, he sought to modify his sentence.

¶ 20    On October 16, 2019, the trial court permitted trial counsel to withdraw. The defendant stated that he wanted to proceed *pro se* and declined the court's offer to appoint counsel. The defendant added that he did not want to withdraw his plea; rather, he wanted to vacate an "unconstitutional" and "excessive" sentence. He explained he was imprisoned for a misdemeanor, and that the court failed to admonish him regarding a "new charge" that was filed and amended by

5

"ink pen." The court agreed that the charge was "amended on the face," but noted that the defendant's prior burglary conviction elevated the charge to a felony. The case was continued.

¶ 21 On November 7, 2019, the defendant filed a *pro se* motion seeking a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984). On January 21, 2020, he filed a *pro se* "Supplemental Post-Conviction Motion," alleging that the underlying charge was or "should have been" a misdemeanor, and that the attempts to enhance the sentence were unconstitutional.

¶ 22 At a March 13, 2020, hearing, the trial court noted that the defendant's *pro se* motion sought to withdraw the plea and alleged ineffective assistance. The defendant stated that he did not want to withdraw the guilty plea; rather, he wanted "the sentence vacated on the felony conviction," because the offense was not a felony. The court responded that the defendant pled guilty to an amended charge on March 1, 2019, was admonished as to that charge, and told the court that he understood. The court asked whether the defendant wished to proceed on the ineffective assistance claims raised in the September 12, 2019, motion and the defendant answered affirmatively. The court asked whether the defendant wished to have counsel appointed, and he said no.

¶ 23 At a June 19, 2020, hearing, the trial court reviewed the history of the case including that on March 1, 2019, the defendant entered an open guilty plea to an amended charge of "theft with a prior," and that there was a discussion to ensure that he pled guilty to a Class 4 felony. Thereafter, the parties made a joint recommendation for a sentence which the court imposed. The defendant filed a timely *pro se* motion to withdraw the plea and vacate the sentence, as well as a *pro se* document seeking a *Krankel* inquiry. The court noted that it previously asked the defendant if he wanted counsel appointed for posttrial motions, and he declined.

¶ 24    The court then held a preliminary *Krankel* inquiry. The defendant first stated that he did not want to withdraw his guilty plea; rather, he wanted his sentence vacated. The defendant argued that he was erroneously charged with a Class 3 felony because the theft of a wallet, even when a defendant has a prior conviction, cannot constitute a Class 3 felony. The court noted that the defendant was addressing the wrong count, because he pled guilty to the Class 4 offense of theft under count II.

¶ 25    The defendant replied that even after "we all agreed" that the offense was a Class 4 felony, the court's admonishments referenced the extended-term sentence for a Class 3 felony, which confused the defendant and "basically threatened" him with the longer extended-term sentence. The defendant further stated that the offense was a misdemeanor, and "only" classified as a Class 4 felony due to a prior conviction. The defendant asserted, however, that a double enhancement was illegal, and here, the offense was enhanced based on "the dollar amount," and subjected to "an extended-term enhancement of the sentence." The defendant acknowledged that trial counsel was "an awesome lawyer" about whom he had "nothing bad to say," but that trial counsel, the State, and the trial court were "all confused" as to the class of the offense on March 1, 2019.

¶ 26    After the defendant finished his argument, the trial court found that he did not raise "any *Krankel* issues," and the court would turn to the motion to withdraw the guilty plea. The defendant responded that if trial counsel permitted a double enhancement, there was "an issue."

¶ 27    The trial court then asked trial counsel to respond. Counsel stated that the plea reduced the charge from a Class 3 offense to a Class 4 offense, but that the State arrived at the plea hearing with a "poorly drafted" document. Counsel further stated that the "dollar amount" was not an element of the offense, but that a prior theft conviction enhanced the offense from a misdemeanor to a Class 4 offense. Counsel concluded that no double enhancement occurred because the

defendant had prior convictions, other than the prior theft conviction, which made him eligible for an extended-term sentence.

¶ 28    The defendant responded that while the "last thing" he wanted was to say trial counsel was a not a good lawyer, the plea hearing was confusing and the "dollar amount" of the offense and the defendant's prior conviction were both used to "enhance" the offense. Trial counsel reiterated that the outcome of the March 1, 2019, hearing was negotiated in advance and "precisely" how counsel described the State's offer to defendant in a February 25, 2019, letter.

¶ 29    The State told the court that the defendant was eligible for an extended-term sentence due to a prior conviction "in 14-CF-434," and that his guilty plea was knowingly and voluntarily made. The State noted that the victim had $500 in his wallet, and that the defendant made a "prudent" decision to reduce his "exposure" from 10 years in prison to 6 years.

¶ 30    On July 10, 2020, the trial court denied the defendant relief, noting that he did not want to withdraw his plea, only to modify his sentence. The court rejected the defendant's argument that he was confused as to the "potential outcomes" when he entered a guilty plea and then agreed to a negotiated prison sentence. The court further found that the defendant did not meet the preliminary *Krankel* burden and admonished him as to his appeal rights. The defendant appeals.

¶ 31                                    ANALYSIS

¶ 32    In its motion to withdraw, OSAD identifies two potential issues which could be raised on appeal but which it concludes have no arguable merit. First, counsel considered whether the trial court abused its discretion by denying the defendant leave to withdraw his guilty plea. Second, counsel considered whether the trial court properly admonished the defendant pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), prior to permitting him to proceed *pro se*.

8

¶ 33    " 'In order to satisfy due process, a guilty plea must be affirmatively shown to have been made voluntarily and intelligently.' " *People v. Bryant*, 2016 IL App (5th) 140334, ¶ 36 (quoting *People v. Fuller*, 205 Ill. 2d 308, 322 (2002)). Accordingly, Illinois Supreme Court Rule 402(a) requires that, prior to accepting a guilty plea, the trial court admonish the defendant (1) of the nature of the charge; (2) of the minimum and maximum sentence prescribed by law, including, when applicable, any penalty due to prior convictions or consecutive sentences; (3) that the defendant has the right to plead not guilty; and (4) that if the defendant pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against her. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). The trial court must substantially comply with the requirements of Rule 402. *People v. Whitfield*, 217 Ill. 2d 177, 195 (2005).

¶ 34    A defendant does not have the "automatic right" to withdraw his guilty plea. *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009). "Leave to withdraw a guilty plea is granted not as a matter of right, but only as required to correct a manifest injustice under the facts involved." *People v. Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 22. A defendant should be allowed to withdraw a guilty plea and plead not guilty if

> " 'it appears that the plea *** was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury.' " *People v. Davis*, 145 Ill. 2d 240, 244 (1991) (quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952)).

9

¶ 35    Whether a defendant is permitted to withdraw a guilty plea rests within the trial court's discretion. *People v. Hughes*, 2012 IL 112817, ¶ 32. An abuse of discretion will be found only when the trial court's "ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *Delvillar*, 235 Ill. 2d at 519.

¶ 36    Here, despite initial confusion as to the class of the offense to which the defendant was entering a plea, the error was discovered and corrected. Then, the trial court properly admonished the defendant as the nature of the offense and the minimum and maximum sentences. The court also admonished the defendant that he had the right to a trial where he would be presumed innocent, could present a defense, confront the State's witnesses, and remain silent, and would be represented by counsel. Each time the trial court asked the defendant whether he understood, the defendant stated that he did. The court also asked whether any threats or promises resulted in the plea, and the defendant stated that he was acting of his "own free will." See *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993) (where the record refutes assertions that a plea was not knowing and voluntary, the court may deny a motion to withdraw the plea, as the "proper and meticulous admonition" of a defendant "cannot simply be ignored").

¶ 37    We agree with OSAD that because the trial court substantially complied with the requirements of Rule 402, no meritorious argument could be raised on appeal regarding the admonishments.

¶ 38    OSAD further concludes that the defendant's claim that he was coerced by the trial court and the State to plead guilty to a felony that did not exist lacks merit. Counsel notes that the defendant admitted that he entered a guilty plea to the proper offense, but asserted that he was threatened with an extended-term sentence that would have constituted a double enhancement, and that the trial court, the State, and his attorney permitted this improper sentence due to confusion.

10

¶ 39    However, "[i]n the absence of substantial objective proof showing that a defendant's mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea." *Davis*, 145 Ill. 2d at 244. Here, the fact that the defendant later came to believe that his sentence was improper is insufficient grounds upon which to warrant the withdrawal of his guilty plea. Moreover, the defendant cannot meet his burden "to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression" (*id.*), when the record reveals that the initial error as to the class of the offense was corrected and the court explained the correct charge and sentencing range. Additionally, after the charge was amended, the trial court asked the defendant whether he understood; the defendant answered in the affirmative, noting that the amendment represented "the original offer" to which he agreed.

¶ 40    As the defendant failed to demonstrate an objective reason for his alleged misapprehension regarding his sentence, we agree with OSAD that no meritorious argument may be made that the trial court abused its discretion when denying the defendant leave to withdraw his guilty plea.

¶ 41    OSAD also considered whether the trial court properly admonished the defendant pursuant to Illinois Supreme Court Rule 401(a) at the time the defendant waived his right to counsel.

¶ 42    A defendant has the right to waive counsel and proceed *pro se*. *People v. Black*, 2011 IL App (5th) 080089, ¶ 11. In those cases, the trial court must inform the defendant of "the right being abandoned and the consequences of the decision." *Id.*

¶ 43    Pursuant to Rule 401(a), before permitting a defendant to proceed *pro se*, the trial court must admonish him regarding (1) the nature of the charge, (2) the minimum and maximum sentences including, when applicable, any penalties due to prior convictions or consecutive sentences, and (3) that he has the right to a court-appointed attorney. See Ill. S. Ct. R. 401(a) (eff.

11

July 1, 1984). The purpose of the rule is to ensure that any waiver of counsel is knowing and voluntary. See *People v. Washington*, 2016 IL App (1st) 131198, ¶ 48. "Strict, technical compliance with Rule 401(a) is not always required; '[r]ather, substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his [or her] rights.' " *Id.* (quoting *People v. Haynes*, 174 Ill. 2d 204, 236 (1996)). The trial court's decision to permit a defendant to proceed *pro se* will be reversed only if the court abused its discretion. *Id.* ¶ 50. Whether the trial court properly admonished the defendant is a question of law that we review *de novo*. *Id.*

¶ 44    Here, the record reveals substantial compliance with Illinois Supreme Court Rule 401(a). First, the discussions between the trial court and the defendant took place in open court. Additionally, at the plea hearing, the defendant was admonished as to the nature of the offense, the minimum and maximum sentences, including the fact that he was eligible for an extended-term sentence, and that he was entitled to appointed counsel for trial. See Ill. S. Ct. R. 401(a) (eff. July 1, 1984). Thereafter, at sentencing, the trial court admonished the defendant that trial counsel would continue to represent him during the 30 days after the entry of his plea. Upon the granting of trial counsel's motion to withdraw, the trial court offered the defendant new counsel and the defendant declined. At a subsequent hearing, the trial court asked the defendant whether he wanted counsel appointed and the defendant again declined.

¶ 45    We agree with OSAD that the trial court substantially complied with Rule 401(a) when the defendant was admonished when entering the guilty plea as to the nature of the charge and the applicable sentence, and was subsequently admonished regarding his right to postplea counsel, and therefore no meritorious claim can be raised regarding the defendant's waiver.

12

¶ 46    In his response, the defendant reiterates that he was overcharged because his conduct amounted to a misdemeanor rather than a felony and did not warrant a prison sentence. He further contends that his attorney permitted him to be "overprosecuted." However, as discussed, defendant entered a guilty plea to the Class 4 offense of theft, one of the elements of that offense was the defendant's prior conviction, and the defendant represented to the trial court that he understood the charge and agreed with the three-year sentence recommendation. Therefore, we agree with OSAD that no meritorious argument could be raised on appeal that the trial court erred in denying the defendant leave to withdraw his guilty plea.

¶ 47                                    CONCLUSION

¶ 48    For the forgoing reasons, we grant OSAD's motion to withdraw and affirm the decision of the circuit court of Effingham County.

¶ 49    Motion granted; judgment affirmed.