2021 IL App (1st) 191156-U

No. 1-19-1156

Order filed February 19, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 14153 |
| | ) | |
| CARDIUS KENT, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.

Justices Mary Mikva and Justice Maureen Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Conviction affirmed where defendant failed to show he was prejudiced by defense counsel's failure to file a motion to reconsider sentence, and thus could not establish a claim for ineffective assistance of counsel.

¶ 2    Following a jury trial, defendant Cardius Kent was convicted of being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2016)) and sentenced to 12 years' imprisonment.

On appeal, defendant contends trial counsel provided ineffective assistance by failing to file a motion to reconsider his sentence. For the following reasons, we affirm.

¶ 3    Defendant was charged three counts. He went to trial on a single count of AHC in that he knowingly possessed a firearm after having been convicted of two qualifying felonies (720 ILCS 5/24-1.7(a) (West 2016)), specifically a 2013 robbery conviction and a 2015 aggravated unlawful use of a weapon conviction. Because defendant does not dispute the sufficiency of the evidence, we recite only those facts necessary to our disposition.

¶ 4    The evidence at trial established that, on September 3, 2016, two Chicago police officers wearing vests that said "Chicago police" were responding to a robbery call near 114th Street and State Street. While walking on 114th Street, one officer observed defendant, who was not a suspect in the robbery, attempting to conceal himself behind some bushes. Defendant then grabbed his right side and ran. The officer did not shout any commands and eventually caught up to defendant. He observed defendant climb down an eight-foot fence, remove a black semi-automatic handgun from his waistband, and continue running. Defendant went behind a house and the officer heard "an audible clink as if metal was hitting the cement." The officer caught defendant, detained him, and subsequently went to the back of the house where he retrieved a loaded firearm on a cement slab. The officer inventoried the gun. No fingerprints were found on the gun.

¶ 5    Three portions of telephone recordings from phone calls defendant made while incarcerated at the Cook County Department of Corrections were played for the jury. In the clips, defendant (1) stated the police grabbed him but did not find a gun on him; (2) stated the police "got [him] cold;" and (3) responded "yeah," when asked whether the gun was loaded.

¶ 6    The parties stipulated defendant had "been previously convicted of two qualifying offenses."

¶ 7    The jury found defendant guilty. The court denied defendant's motion for a new trial.

¶ 8    On January 23, 2019, at the sentencing hearing, defendant's presentence investigation report (PSI) reflected he had a prior conviction for robbery from 2015, for which he received probation, and a pending violation of probation case. It also reflected a prior conviction for aggravated unlawful use of a weapon (AUUW) from 2013, a 2012 "poss title/registration" for which he received supervision, and two juvenile adjudications from 2006 and 2007. It also reflected defendant had a pending 2018 armed robbery case.

¶ 9    The PSI showed defendant had a large supportive family, had been "incarcerated most of his life," and was "possibly associated" with various gangs. Defendant's father was not in his life and had been divorced from his mother. Defendant had two children, a 2-year-old and 10-year-old. He worked as a forklift operator and hoped to return to that employment upon release.

¶ 10    The State argued in aggravation that defendant's criminal background included the prior convictions for robbery from 2015, for which he received two years of probation, and AUUW from 2013, for which he received two years' imprisonment. The State additionally argued defendant had a pending 2018 armed robbery "that happened while he was on bond" in the instant case.

¶ 11    In mitigation, defense counsel argued defendant was 25 years' old, had the support of his family in court, and had two children who lived with him. Defendant lived in a building owned by his mother and had been working as a forklift operator since May 2018 when he had been released from jail. Prior to being released, defendant had been incarcerated for a year and a half and then

released on bond. Counsel stated, "As soon as he [was] released, he was working, gainfully employed, being a productive citizen, taking care of his two children and being active in their lives." Defendant grew up in a single-parent home, and his mother was a "very strong presence in his life." His father was incarcerated throughout his childhood and eventually divorced his mother. Consequently, as a "young man," defendant "let himself being [*sic*] involved in things as indicated in the [PSI]."

¶ 12    Counsel acknowledged that defendant had been arrested for armed robbery while released on bond in the instant case but argued there were "significant" identification issues in the pending case and asked the court not to use the pending case against him in imposing sentence. Further, counsel argued defendant was "regretful for his possession of any firearm in this case." The recordings of the phone calls played at trial revealed defendant needed the firearm "for protection, to protect his family," and there was no allegation that he harmed or threatened anyone or even brandished the firearm. Moreover, the police presence in the area on the night of defendant's arrest did not pertain to defendant.

¶ 13    Defendant elected not to speak in allocution. His mother spoke before the court and stated defendant was a "good child." When she and defendant's father divorced, defendant had problems "coming up and being with the wrong person sometimes" but was otherwise a good person. Defendant had been working when he "got out" and was doing "much better." His children and family loved him and stuck with him.

¶ 14    The trial court sentenced defendant to 12 years' imprisonment. In announcing sentence, the court stated it heard the facts of the case, which were consistent with the verdict. It also noted defendant had a criminal history, "including violence, he's been on probation for robbery." The

court did not consider the new armed robbery charge since defendant was presumed innocent. It stated, "looking at it's totality, his sentence is 12 years."

¶ 15    After admonishing defendant about his appeal rights, the court asked, "No post-sentencing motions?" Defense counsel replied, "At this time no, your Honor." The court stated defendant had "30 days to get it done if it's going to happen," which defense counsel acknowledged.

¶ 16    On June 14, 2019, we allowed defendant's motion for leave to file a late notice of appeal.

¶ 17    On appeal, defendant contends counsel was ineffective for failing to file a motion to reconsider his 12-year sentence, which was double the minimum. He argues counsel's failure to file a motion to reconsider was deficient performance and prejudiced him as counsel's failure to preserve the sentencing issues deprived him of the right to appeal his sentence. Defendant also contends there is a reasonable probability that, had counsel filed the motion, the sentencing court would have reduced his sentence as the mitigating evidence showing he had rehabilitative potential due to his employment history, children who relied on him, and a supportive family outweighed the aggravating evidence. In the same vein, defendant argues his prior convictions for robbery and AUUW were used as qualifying offenses for his AHC conviction and thus any further reliance on them in aggravation at sentencing would have been improper double enhancement. He asks us to remand the matter for a new sentencing hearing where he would have the opportunity to file a motion to reconsider his sentence.

¶ 18    To demonstrate ineffective assistance of counsel, defendant must show that (1) his attorney's performance was deficient, and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The failure to satisfy either prong of the *Strickland* test

precludes a finding of ineffective assistance of counsel. *People v. Patterson,* 192 Ill. 2d 93, 107 (2000). Thus, "if an ineffective-assistance claim can be disposed of because the defendant suffered no prejudice, we need not determine whether counsel's performance was deficient." *People v. Graham*, 206 Ill. 2d 465, 476 (2003).

¶ 19    Here, even if we assume counsel's performance fell below an objective standard of reasonableness, we find defendant has not established prejudice.

¶ 20    We accord great deference to a trial court's sentence and will not reverse it absent an abuse of discretion. *People v. Butler*, 2013 IL App (1st) 120923, ¶ 30 (citing *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000)). A sentence within the statutory range "is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense." *People v. Jackson,* 375 Ill. App. 3d 796, 800 (2007). The Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "In determining an appropriate sentence, a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed." *People v. Hernandez*, 319 Ill. App. 3d 520, 529 (2001).

¶ 21    Here, after considering the "totality" of the evidence before it, the court sentenced defendant to 12 years' imprisonment, which was within in the 6 to 30-year sentencing range he faced for his AHC conviction. 720 ILCS 5/24-1.7(d) (West 2016) (AHC is a Class X felony); 730 ILCS 5/5-4.5-25(a) (West 2016) (for Class X offenses, the sentencing range is 6 to 30 years' imprisonment). Because defendant's sentence is within the applicable range, we presume it is proper. *People v. Burton*, 2015 IL App (1st) 131600, ¶ 36.

¶ 22    At the sentencing hearing, the trial court heard arguments in mitigation and aggravation, including defendant's criminal history. The PSI detailed defendant's family relationships, possible gang involvement, and limited employment history. Defense counsel argued extensively regarding defendant's employment, children, supportive family, and the fact that the offense was nonviolent. Thus, the mitigating evidence defendant now claims counsel could have raised in the motion to reconsider sentence was already before the court. Because the court was aware of the mitigating evidence when it imposed the sentence, defendant was not prejudiced by counsel's failure to argue the same evidence in a motion to reconsider sentence. See *People v. Burnett*, 237 Ill. 2d 381, 387 (2010) ("The purpose of a motion to reconsider sentence is not to conduct a new sentencing hearing, but rather to bring to the circuit court's attention changes in the law, errors in the court's previous application of existing law, and newly discovered evidence that was not available at the time of the hearing.").

¶ 23    We are similarly unpersuaded by defendant's claim that a motion to reconsider would have allowed the court to ensure it did not rely on defendant's prior convictions for robbery and AUUW, which were used as qualifying convictions for the AHC offense and thus were elements of the offense, as to do so constitutes improper double enhancement. See 720 ILCS 5/24-1.7(a) (West 2016) (AHC statute prohibits possession of a firearm by an individual who has at least two prior qualifying felony convictions). The rule against double enhancement provides that an element of an offense generally may not be used as an aggravating factor in sentencing for that offense. *People v. Phelps*, 211 Ill. 2d 1, 11-12 (2004).

¶ 24    However, our supreme court has clarified that the sentencing court's consideration of a defendant's criminal history in fashioning a sentence within the applicable sentencing range

"*does not constitute an enhancement*, because the discretionary act of a sentencing court in fashioning a particular sentence tailored to the needs of society and the defendant, within the available parameters, is a requisite part of every individualized sentencing determination. The judicial exercise of this discretion, in fashioning an appropriate sentence within the framework provided by the legislature, is not properly understood as an 'enhancement.' " (Emphasis added.) (Internal citations omitted.) *People v. Thomas*, 171 Ill. 2d 207, 224-25 (1996).

¶ 25    Rather, the sentencing court must be allowed to consider the defendant's "entire criminal history, in performing its constitutionally mandated duty to assess defendant's rehabilitative potential in order to fashion an appropriate sentence." *Id.* at 229; 730 ILCS 5/5-5-3.2(a)(3) (West 2016) (providing a defendant's criminal history be considered in aggravation at sentencing). Thus, in fashioning the sentence, the trial court here was not precluded from considering defendant's entire criminal history, including the robbery and AUUW convictions used as elements of the AHC offense, in aggravation. Defendant, therefore, was not prejudiced by counsel's failure to raise double enhancement in a motion to reconsider sentence.

¶ 26    Finally, as defendant points out, had counsel filed a motion to reconsider sentence, the motion would have preserved his sentencing issues for appeal. However, the issues defendant contends should have been raised in the motion consist of an improper rehashing of the evidence already presented and argued at the sentencing hearing (*Burnett*, 237 Ill. 2d at 387) and an unavailing double enhancement claim (*Thomas*, 171 Ill. 2d at 229). Thus, defendant's claim that his counsel rendered ineffective assistance in failing to file a motion to preserve his sentencing

issues for appeal must likewise fail. See *People v. Givens*, 237 Ill. 2d 311, 331 (2010) (failure to file a futile motion does not establish ineffective assistance of counsel).

¶ 27    In conclusion, defendant has not shown prejudice from counsel's failure to file a motion to reconsider sentence and his ineffective assistance of counsel claim fails.

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.