No. 2--01--0413

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

  )  

Plaintiff-Appellee, ) 

                                )                   

v. ) No. 99--CF--1946

)

ZORINSKI L. THOMAS, ) Honorable

) Ann Brackley Jorgensen, 

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Zorinski Thomas, pleaded guilty to aggravated criminal sexual abuse (720 ILCS 5/12--16(d) (West 1998)).  Pursuant to an agreement, he was sentenced to six years' imprisonment.  Defendant appeals, contending that the trial court erred by allowing him to proceed 
pro se
 on a motion to withdraw his plea without giving the admonishments required by Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)).

A two-count indictment alleged that defendant committed two acts of sexual penetration against A.M., who was at least 13 years of age but less than 17 years of age, while defendant was at least five years older than A.M.  On July 25, 2000, defendant, represented by attorney Alonzo Zahour, agreed to plead guilty to one count of the indictment.  In exchange, the State would nol-pros the other count and recommend a sentence of six years' imprisonment.  The trial court admonished defendant pursuant to Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)), heard the factual basis, accepted defendant's plea, and sentenced him according to the agreement.

Defendant then filed a 
pro se
 motion to withdraw his guilty plea.  The motion generally alleged ineffective representation by Zahour.  The trial court granted defendant's motion to appoint counsel, and on January 3, 2001, public defender Robin Belleau filed a motion to withdraw the plea.

At a hearing on January 30, 2001, defendant told the court that he wanted to supplement Belleau's motion with additional issues.  The trial court explained that defendant could either be represented by the public defender or could represent himself but could not have hybrid representation.  The court advised defendant to consult with his attorney and set a hearing for February 13, 2001.  On February 9, 2001, defendant filed a 
pro se
 amended motion to withdraw the guilty plea.  At the next hearing date, defendant said that he had filed a motion for discovery.  After some discussion about the discovery motion, the trial court asked defendant, "You want to represent yourself at this hearing?"  Defendant answered, "Yes."  The court immediately discharged the public defender.

Following a hearing at which defendant personally questioned the witnesses, the trial court denied the motion to withdraw the guilty plea.  Defendant filed a timely notice of appeal.

Now represented by the appellate defender, defendant contends that the trial court erred by allowing him to represent himself without providing the Rule 401(a) admonishments.  Defendant acknowledges that the admonishments may not be required where a defendant "has a high level of sophistication," but he points out that the preplea report shows that defendant functions at a low intellectual level, may be functionally illiterate, and apparently suffered brain damage after being shot in the head.

Supreme Court Rule 401 governs waivers of the right to counsel in criminal proceedings.  It provides, in pertinent part:

"Any waiver of counsel shall be in open court.  The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;  and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."   134 Ill. 2d R. 401(a).

A waiver of counsel without the proper admonitions is ineffective.  
People v. Langley
, 226 Ill. App. 3d 742, 749 (1992).  Substantial compliance with Rule 401(a) may be sufficient if the record indicates that the waiver was knowing and intelligent.  
People v. Coleman
, 129 Ill. 2d 321, 333 (1989); 
People v. Smith
, 249 Ill. App. 3d 460, 472 (1993).  Moreover, strict compliance with the rule is unnecessary if it appears that a defendant has a "high level of sophistication."  
People v. Meeks
, 249 Ill. App. 3d 152, 172 (1993).

Defendant contends that in this case, rather than substantial compliance, there was virtually 
no
 compliance with Rule 401(a).  He argues further that he did not demonstrate the "high level of sophistication" that would justify less than strict compliance with the rule.

The State responds that the record clearly shows that defendant's decision to waive counsel was knowing and voluntary.  Most of the Rule 401(a) admonishments are included in the Rule 402(a) admonishments that defendant received when he pleaded guilty.  Having already entered a plea and been sentenced, defendant must have been aware of the nature of the charges and the sentence he faced.  Moreover, defendant knew he had the right to appointed counsel, having had the assistance of the public defender.  Thus, the State contends, defendant knew he had the right to continue to be represented by the public defender, but merely disagreed with his lawyer about what issues to raise.

We agree with defendant.  The entire colloquy during which defendant waived counsel consisted of the court's question whether defendant was going to represent himself on the motion to withdraw and defendant's answer, "Yes."  It is true that defendant received substantially the same information when he pleaded guilty.  However, that occurred in July 2000.  By the time defendant purportedly waived counsel in February 2001, more than six months had passed.

In addition, it is clear that defendant did not possess a "high level of sophistication."  Rather, the opposite appears to be true.  According to the preplea report, defendant functions at a low intellectual level.  He never completed high school or obtained his general equivalency diploma (G.E.D.).  He was consistently placed in special education classes in school.  The author of the report observed that defendant had trouble conveying even basic biographical information and concluded that he may be functionally illiterate.  Moreover, he apparently suffered brain damage when he was shot in the head.

While we can sympathize with the trial court's frustration at defendant's insistence on wanting to "supplement" the motion with additional issues that the public defender refused to raise, we cannot countenance allowing a defendant with marginal intellectual functioning to represent himself at a critical stage of the proceedings without complying with the supreme court rule designed to ensure that such a decision is knowing and voluntary.  Of course, a defendant's competency as a lawyer is not a measure of his competency to waive counsel.  
People v. Simpson
, 172 Ill. 2d 117, 137 (1996).  However, the test to determine whether strict compliance with Rule 401(a) is required explicitly references a defendant's "sophistication."  Here, ample questions exist about defendant's level of sophistication.  The trial court thus erred in allowing him to proceed 
pro se
 without thorough admonishments.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and GROMETER, JJ., concur.