No. 2--07--1134        Filed:  11-17-09

---

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CV--1395 |
| | ) | Honorable |
| ANTONIO M. VERNÓN, | ) ) | Charles D. Johnson and Victoria L. Martin, |
| Defendant-Appellant. | ) | Judges, Presiding. |

---

JUSTICE BURKE delivered the opinion of the court:

Defendant, Antonio M. Vernón, appeals from his conviction of the misdemeanor offense of unlawful display of martial arts devices on Department of Natural Resources land.  See 17 Ill. Adm. Code §110.170, as amended at 24 Ill. Reg. 12556, eff. August 7, 2000 ("It shall be unlawful for any person, other than authorized peace officers, to display or use on Department-controlled lands *** martial arts devices"); 17 Ill. Adm. Code §110.180(a), as amended at 27 Ill. Reg. 8870, eff. May 19, 2003 (a violation of this provision is a Class B misdemeanor); 20 ILCS 835/6(7) (West 2004) (same).  He first asserts that the trial court violated Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) by failing to admonish him of his right to counsel before he represented himself on his motion to dismiss, and that he was thus deprived of his right to counsel at a critical stage of the proceedings.  He further asserts that his trial counsel was ineffective for failure to file a posttrial

motion asserting that the conviction violated his religious freedom rights. We need not consider that second claim, as we agree that defendant is entitled to a new trial based on the failure of the court to give him Rule 401(a) admonitions. Because the lack of admonitions meant that defendant did not voluntarily waive his statutory right to counsel, and because he lacked counsel at a critical stage of the proceedings, he is entitled to a new trial. We therefore vacate defendant's conviction and remand the matter for a new trial, including proper admonitions if necessary.

On July 9, 2005, defendant received a citation for unlawful display of martial arts devices at Illinois Beach State Park. The citation set the court appearance for August 9, 2005. Defendant used a form on the back of the citation to request a jury trial. A printout dated July 25, 2005, stated: "You have requested a trial by judge. Therefore, the case has been set for trial on Tuesday, the 6th day of September, 2005 at 3:00 P.M. in Courtroom B 430 Lakehurst Rd Waukegan, IL 60085." A later printout said that "due to the request for a continuance," the trial was reset for September 13, 2005. The table of contents in the record describes both of these printouts as "letters." On September 13, 2005, the court entered a judgment placing defendant on supervision. Defendant filed a timely notice of appeal.

In the record for that appeal, defendant included a bystander's report. The report describes what happened on the day of the original trial:

"The case was called at approximately 3:45 and the defendant [pro se] approached the bench along with the prosecution. The defendant was advised of the charges against him and was further advised that his case was set for trial. The defendant was asked if he was prepared for trial. The defendant stated that he was prepared for trial. The defendant requested permission to bring in the martial arts devices in question. The court refused this

request out of concern for court safety. The prosecution answered ready for trial. All witnesses whom [sic] intended on testifying were sworn and the trial commenced."

The report then describes the evidence at the trial.

In his pro se appellate brief, defendant contended among other things that, because he had never validly waived his right to a jury trial, he had been deprived of his right to such a trial. He also raised (by his own count) 38 other claims of error, which included challenges to the validity of the regulation. This court, considering the jury-waiver claim under the plain-error rule, held that the record, including the bystander's report, was sufficient to show that defendant did not waive that right either in writing or in open court. It therefore remanded the matter for a new trial. People v. Vernon, No. 2--05--0984 (2006) (unpublished order under Supreme Court Rule 23). Defendant attempted to obtain a supervisory order from the supreme court requiring a ruling on the validity of the regulation, but that court denied it.

On February 21, 2007, in the first event on remand, defendant filed a pro se motion to dismiss the charge "for unconstitutionality." As the motion runs to 12 pages of fine-print text, we take liberties in summarizing it. Defendant asserted that the court should adopt a narrowing construction of the regulation to limit it to projectiles, such as throwing stars. He argued that a broad reading of the regulation, taking "device" in the sense of "a thing made for a particular purpose," would bar display of even the most harmless martial arts gear, such as protective padding and uniform belts. He suggested that, because the regulation classified sports equipment by the sport's region of origin, with "martial arts" being East Asian in origin, it is not rational. He asserted that nunchaku, sais, and bo staffs are not martial arts devices because they originated as agricultural tools. He asserted that martial arts displays are an expressive activity with first amendment protection and

that the regulation discriminated against East Asian religious and cultural practices that involve martial arts. He argued that the regulation is inconsistent with Illinois weapons statutes. As a whole, the motion also suggests that the regulation is unreasonably vague.

On February 21 and March 6, 2007, the State responded to the motion, largely limiting its defense of the charge to defendant's display of nunchaku. On March 28, 2007, defendant filed a reply in which he described his activity on the beach as, among other things, "athletic exposition."

The earliest transcripts that are a part of the record on appeal are those of the hearing on defendant's motion to dismiss, but nothing in the record positively shows that any hearings took place after the appeal and before that hearing. At the hearing, the trial court ruled, among other things, that, although the regulation was potentially too vague, nunchaku clearly fell within the scope of what it prohibited. The court also ruled that defendant's martial arts performance did not fall within first amendment protections.

On June 13, 2007, two months after it denied defendant's motion, the court entered an order appointing the public defender to represent defendant. However, the record contains no transcript relating to the appointment.

Defendant's trial took place on September 18, 2007. Just before the trial, defendant signed a jury waiver, and the court asked him if it was voluntary. Defendant said that it was.

The State's sole witness was Keith Tepovich, a conservation police officer. He testified that he had received a complaint that caused him and his partner to go to the beach near the concession stand at Illinois Beach State Park. He saw defendant stretching on the beach. Beside him were what Tepovich characterized as martial arts devices. He said that defendant had several sais, several nunchaku, rubber knives, and lengths of chain with tennis balls on the ends. He photographed the

equipment and issued defendant a citation.  The photographs show four staffs, five shorter sticks, four pairs of nunchaku (one wooden, two metal, and one whose material is not clear), four rubber or plastic knives, two tonfas (or side-handle police batons), two lengths of chain with tennis balls at the ends (defendant called the longer one a "manriki" and the shorter "poi balls," "poi balls" being accessories used in Maori dance), a pair of sais, several lengths of ordinary chain, a bokken (wooden practice katana), a plain wooden cane, and some cases and sheaths.

Defendant testified in support of his qualifications as a martial arts expert.  He described the agricultural origins of nunchaku, sais, and bo staffs.  He said that, when Tepovich cited him, he was performing as an artist/entertainer.  The performance was made up of fixed routines that he intended to be beautiful.

The court found defendant guilty.  Defendant moved for a new trial.  He asserted, without giving any detail, that the court had erred in denying his motions to dismiss the charge and for a finding at the close of the State's evidence.  He also asserted that, given his testimony that his equipment was a collection of implements designed for farming, the State had failed to prove that they were martial arts devices.  The court denied the motion, and defendant timely appealed.

On appeal, defendant asserts that the record fails to show that the trial court admonished him of his right to counsel under Rule 401(a).  Defendant's argument goes further, implying that, because the court failed to inform him of his right to counsel before the hearing on the motion to dismiss, he could not validly waive that right, and thus was improperly deprived of counsel.  He further asserts that trial counsel was ineffective for failing to argue that the regulation denied defendant his right to free exercise of religion under the Illinois Constitution and the Religious Freedom Restoration Act (775 ILCS 35/1 et seq. (West 2004)).

The State asserts that defendant forfeited his deprivation-of-counsel claim by failing to raise it in the original appeal. It also asserts that the record is insufficient to show that the court did not give the required admonitions before defendant's first trial.

We begin with two related issues. First, defendant concedes that he did not raise his Rule 401(a) and denial-of-counsel claim in his posttrial motion, but he asserts that this court should consider it for plain error. Second, the State asserts that, because defendant could have raised the claim in his first appeal, he forfeited it. For the reasons we describe, we consider defendant's claim.

Initially, we have some doubt that we can apply the forfeiture doctrine to a failure to admonish of the right to counsel. In People v. Whitfield, 217 Ill. 2d 177 (2005), the supreme court suggested that, where the trial court fails in its duty to properly admonish a defendant, the doctrine of procedural default may be inapplicable:

"We find *** that there was no procedural default under the facts of this case. Pursuant to *** Rule 402, every defendant who enters a plea of guilty has a due process right to be properly and fully admonished. *** It is undisputed that the circuit court failed to admonish defendant in accord with the rule. Under the circumstances, it would be incongruous to hold that defendant forfeited the right to bring a postconviction claim because he did not object to the circuit court's failure to admonish him. To so hold would place the onus on defendant to ensure his own admonishment in accord with due process. Moreover, defendant alleges that it was not until he was in prison that he learned that his sentence had been increased by a three-year period of [mandatory supervised release]. Therefore, he could not have raised the error in a motion to withdraw his plea or a direct appeal. Accordingly, we address the merits of defendant's claim." Whitfield, 217 Ill. 2d at 188.

Here, had defendant never had counsel at all, it would be strikingly incongruous to say that he could forfeit the right to complain of any loss of a right to counsel.[1] For that reason we must reject the suggestion that he forfeited this claim in his previous, pro se, appeal. To allow a defendant to forfeit, without having ever had counsel, a claim that the trial court had never informed him or her of the right to counsel would border on the Kafkaesque.

Of course, defendant did have counsel for his second trial, who presumably was aware of the Rule 401(a) requirement and who could have raised the issue in a posttrial motion. However, under Whitfield this might be immaterial. We take it that the defendant in Whitfield had counsel; were he unrepresented in a murder case, surely the court would have noted it. We believe the Whitfield court to have reasoned that admonitions are a protection to defendants that stands outside the adversarial process of which the procedural default doctrine is an expression; the admonitions are the court's responsibility, not counsel's. After all, if courts fully relied on counsel to inform defendants of their rights, admonitions would be superfluous.

In any event, we also deem the failure to give Rule 401(a) admonitions, and the associated deprivation of counsel, to be subject to review as plain error.

"[T]he plain-error doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when *** the error is serious, regardless of the closeness of the evidence. *** [T]he defendant must prove there was plain error and that the error was so serious that it affected the fairness of the defendant's trial and challenged the

---

[1]A Fourth District panel faced that problem in People v. Robertson, 181 Ill. App. 3d 760, 763 (1989), a case where the sentence included imprisonment. It held that the rights involved were too important to be deemed forfeited.

integrity of the judicial process. [Citation.] Prejudice to the defendant is presumed because of the importance of the right involved, 'regardless of the strength of the evidence.' " (Emphasis in original.) People v. Herron, 215 Ill. 2d 167, 186-87 (2005), quoting People v. Blue, 189 Ill. 2d 99, 138 (2000).

Although a deprivation of counsel in a case where the court does not impose a sentence of imprisonment is not a sixth amendment violation (Scott v. Illinois, 440 U.S. 367, 373, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162 (1979)), we deem the lack of counsel, in the absence of a failure to waive the statutory right, to be a plain and serious error. Deprivation of the sixth amendment right to counsel is a classic area of plain-error review. See People v. Howard, 376 Ill. App. 3d 322, 337-38 (2007) (exemplifying such review); cf. Palanti v. Dillon Enterprises, Ltd., 303 Ill. App. 3d 58, 66 (1999) (noting that, because civil trials do not implicate the sixth amendment, use of the plain-error doctrine in the civil context should be uncommon). Although, where a defendant does not receive a sentence of imprisonment, the risk of total injustice is limited, the limitation on the sentence in no way improves the fairness of the trial. In other words, deprivation of the statutory right to counsel has the same adverse effect on the fairness of the trial as does deprivation of the sixth amendment right, and so is equally a proper subject for plain-error review.

The State also asserts that, on the state of the record before us, we must assume that the trial court properly admonished defendant before his first trial. We do not agree. Generally, we resolve against the appellant doubts arising from an incomplete record. E.g., People v. Ortiz, 313 Ill. App. 3d 896, 900 (2000). (We often call this the Foutch principle after Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92 (1984), the case that is the classic statement of the principle.) Here, however, the record does not appear to be incomplete. The common-law record suggests that defendant's first trial occurred

on his first court date. The two documents in the file from before the trial date, the clerk described as "letters," thus implying that defendant was not in court and could not have been admonished on either of those days. The bystander's report describes the day of trial and presents itself as a complete account of the day's events.

In People v. Majka, 365 Ill. App. 3d 362, 368 (2006), this court dealt with an argument by the State that a bystander's report that did not attempt to reproduce the courtroom dialogue would support a Foutch-type presumption that the trial court must have given a particular admonition to the jury. The State argued that, where a bystander's report is in the form of a summary of what occurred, the reviewing court can properly assume that the court took actions that the defendant did not describe in the report. This court rejected that suggestion. It noted that both parties have the opportunity to participate in the approval of a bystander's report. The nonsubmitting party need not stand passively by if the other party submits a report it deems misleading. Further, if the law requires a court to always assume that the submitting party has left out of the report some critical matter that would support an affirmance, a bystander's report would become useless. "In order for a report to have any value, we must assume that the court or an opposing party will correct any misleading omission in a proposed report. An omission is misleading if it would tend to counter the effect of something included in the report. It is not misleading if it is simply an area on which the report does not touch." (Emphasis in original.) Majka, 365 Ill. App. 3d at 369.

In People v. Smith, 106 Ill. 2d 327 (1985), the supreme court addressed the question of whether the defendants had properly waived the right to a jury trial--the law did not then require such waivers to be in writing. For one defendant, the half-sheets in the record stated that he had waived a jury on a particular date, but the transcript from that date did not show a valid jury waiver. The

State asserted that the Foutch principle required the court to assume that a valid waiver took place on some other day for which the defendant had not provided a transcript. Smith, 106 Ill. 2d at 336-37. The court held that, if the State asserted that the trial court accepted the waiver at some time other than that suggested by the common-law record, the burden was on it to supplement the record to show this. Smith, 106 Ill. 2d at 335.

The lesson of Smith is that an appellee cannot force an appellant "to provide an exhaustive record by speculating that a partial record is misleading. The appellee has the burden of providing a record that shows that there is substance to its speculations." Majka, 365 Ill. App. 3d at 370, citing Smith, 106 Ill. 2d at 335.

The most natural interpretation of the common-law record here is that defendant's first and only court date before his first appeal was the trial date. Further, the bystander's report is sufficient to show that the court did not admonish defendant of his right to counsel on the trial date. The record is thus sufficient to show that defendant did not receive Rule 401(a) admonitions before his first appeal. Moreover, the record does not show any postappeal hearings at which the court could have admonished defendant.

We now turn to the substance of defendant's claim. The alleged error here has two closely linked aspects. One is the court's failure to admonish defendant under Rule 401(a) of his right to counsel. The admonition, however, is part of the mechanism for obtaining a proper waiver of the right to counsel. Where a person proceeds pro se without knowingly having waived the right to counsel, that can be a deprivation of counsel. Defendant's brief treats the failure to admonish him both as a Rule 401(a) violation and as a deprivation of the (statutory) right to counsel.

Usually, a deprivation of the right to counsel has occurred when the court does not properly inform a defendant of the right to counsel and the defendant then proceeds without counsel. "[S]ubstantial compliance with Rule 401(a) is required for an effective waiver of counsel."[2] People v. Campbell, 224 Ill. 2d 80, 84 (2006). This is so no matter whether the applicable right to counsel is the statutory or the sixth amendment right. Campbell, 224 Ill. 2d at 86. "[T]he sixth amendment right to counsel exists only in those cases in which a sentence of imprisonment is actually imposed." Campbell, 224 Ill. 2d at 85, citing Scott, 440 U.S. at 373, 59 L. Ed. 2d at 389, 99 S. Ct. at 1162. The statutory right applies in criminal cases "except where the penalty is a fine only." 725 ILCS 5/113--3(b) (West 2006). When a defendant with a sixth amendment right to counsel has not made a knowing and voluntary waiver of that right, that person's proceeding without counsel (at a critical stage) is a sixth amendment violation. See City of Urbana v. Andrew N.B., 211 Ill. 2d 456, 469 (2004). We cannot see why the analysis would be different when only the statutory right to counsel applies.

When a defendant suffers a complete absence, at a "critical stage" of the prosecution, of the sixth amendment right to counsel, he or she is entitled to a reversal of that conviction without showing that the deprivation caused him or her prejudice. The sixth amendment right to counsel applies to all "critical stages" of the prosecution, "including pretrial, trial, and sentencing." People

---

[2]The formality of compliance can be reduced if "a defendant has a 'high level of sophistication.'" People v. Thomas, 335 Ill. App. 3d 261, 264 (2002), quoting People v. Meeks, 249 Ill. App. 3d 152, 172 (1993). Here, defendant's filing suggests a degree of sophistication. However, the record suggests no compliance at all.

v. Allen, 220 Ill. App. 3d 772, 781 (1991), citing United States v. Gouveia, 467 U.S. 180, 81 L. Ed. 2d 146, 104 S. Ct. 2292 (1984).

"There are *** circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.

Most obvious, of course, is the complete denial of counsel. The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." United States v. Cronic, 466 U.S. 648, 658-59, 80 L. Ed. 2d 657, 667-68, 104 S. Ct. 2039, 2046-47 (1984).

Thus, the requirement, under the rule in Strickland v. Washington, 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068 (1984), that a defendant show prejudice from unreasonable assistance of counsel, does not apply when counsel is simply absent. Wright v. Van Patten, 552 U.S. 120, ___, 169 L. Ed. 2d 583, 587-88, 128 S. Ct. 743, 746 (2008).

Here, because defendant did not receive a sentence of imprisonment, the issue is not the sixth amendment right to counsel but the statutory right. However, the basis in Cronic for presuming prejudice was not the seriousness of the deprivation but the likelihood of prejudice when counsel is completely absent. Thus, the prejudice analysis should be the same when only the statutory right is at issue.

Although a defendant is entitled to counsel from pretrial through sentencing, not every moment is a "critical stage." Cases such as Mempa v. Rhay, 389 U.S. 128, 134, 19 L. Ed. 2d 336, 340, 88 S. Ct. 254, 257 (1967), state that a "critical stage" is a "stage of a criminal proceeding where substantial rights of a criminal accused may be affected." In pretrial phases, "the test [for a critical stage] utilized by the Court has called for examination of the event in order to determine whether the

accused required aid in coping with legal problems or assistance in meeting his adversary." United States v. Ash, 413 U.S. 300, 313, 37 L. Ed. 2d 619, 628, 93 S. Ct. 2568, 2575 (1973). The Supreme Court has often phrased the test in the negative. A photo line-up is not critical "because there is no possibility that [the defendant] 'might be misled by his lack of familiarity with the law or overpowered by his professional adversary.' " United States v. Henry, 447 U.S. 264, 293, 65 L. Ed. 2d 115, 137, 100 S. Ct. 2183, 2199 (1980), quoting Ash, 413 U.S. at 317, 37 L. Ed. 2d at 631, 93 S. Ct. at 2577. The taking of handwriting exemplars is not a critical stage because it poses "minimal risk that the absence of counsel might derogate from [the defendant's] right to a fair trial." Gilbert v. California, 388 U.S. 263, 267, 18 L. Ed. 2d 1178, 1183, 87 S. Ct. 1951, 1953 (1967). In an Illinois phrasing, "[a] critical stage is any proceeding at which constitutional rights can be asserted or waived, or where events occur that could prejudice the defendant's trial." People v. Lindsey, 309 Ill. App. 3d 1031, 1034 (2000).

A motion to dismiss, because it places a defendant in a position where he or she is likely to make admissions, is a critical stage. Omissions may be correctable later, but the way the defendant frames the issues is likely to have lasting consequences. Here, for instance, in his motion-to-dismiss reply, defendant described his activity at the beach as "athletic exposition." Defendant now asserts that trial counsel should have filed a posttrial motion arguing that enforcement of the regulation against him unduly burdened his religious expression. However, such an argument would have been difficult to sustain in light of defendant's description of his performance. In this instance, defendant's uncounseled choice might have merely ruled out what would have been a frivolous defense. Nevertheless, the example clearly shows how a defendant can lose substantial rights in pursuing a motion to dismiss.

Because defendant did not receive proper admonishments under Rule 401(a), he could not give a proper waiver of his right to counsel. As he lacked counsel at a critical stage of the proceedings, we must presume that he was prejudiced by the lack of counsel. Defendant is thus entitled to a new trial unaffected by uncounseled choices he made in his motion to dismiss. We remand the matter for a new trial, including, potentially, Rule 401(a) admonitions and a new motion to dismiss.

For the reasons we have stated, we vacate defendant's conviction and remand the matter for further proceedings consistent with this decision.

Vacated and remanded with instructions.

HUTCHINSON and SCHOSTOK, JJ., concur.