2024 IL App (3d) 220407

Opinion filed April 8, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0407 Circuit No. 17-CF-2429 |
| JERMAINE L. BROOKS, | ) ) ) | Honorable Vincent F. Cornelius, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Justices Albrecht and Davenport concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Jermaine L. Brooks, appeals from his conviction for unlawful possession of methamphetamine. Defendant argues he appeared *pro se* at critical stages of the proceedings without a valid waiver of counsel. We vacate and remand with instructions.

¶ 2                                I. BACKGROUND

¶ 3    Defendant was charged with unlawful possession of methamphetamine (720 ILCS 646/60(a), (b)(1) (West 2016)). At defendant's first court appearance on December 11, 2017, the court asked if defendant wished to have a public defender appointed to represent him. Defendant

answered, "I don't even know what that is." The court asked, "[d]o you want a lawyer from the Public Defender's Office to be assigned to represent you in this case?" to which defendant responded yes. A public defender was appointed. The court then explained to defendant that he was charged with unlawful possession of methamphetamine, a Class 3 felony punishable by 2 to 10 years' imprisonment.

¶ 4        At a November 19, 2020, hearing, defendant stated, "I don't want you as my public defender anymore." At a subsequent January 12, 2021, hearing on the matter, the public defender informed the court that based on her conversations with defendant, defendant wished to proceed *pro se*. The court implored defendant not to dismiss the public defender's office but did not inform defendant of the nature of the charge, the minimum and maximum sentence, or that defendant had a right to representation. Defendant confirmed he wished to proceed *pro se*, and the court allowed the public defender to withdraw.

¶ 5        Defendant appeared *pro se* seven times between January 12 and April 13, 2021. During this time, defendant filed a motion to suppress. On March 22, 2021, the State filed a motion for discovery owed pursuant to Illinois Supreme Court Rule 413 (eff. July 1, 1982), including all defenses, witnesses, and other mandatory discovery materials. At the April 8, 2021, hearing on the motion, defendant indicated he did not intend to list any additional defenses or witnesses but stated, "[t]he only thing that I see that they don't have is the copy of the Insurefor license that was given to me by Lyft with my vehicle registration," but he could provide it immediately. The court allowed defendant to tender the license to the State to make copies. At the end of the hearing, the State informed the court defendant provided a document typed by defendant that included "a number of potentially incriminating statements."

¶ 6        On April 13, 2021, defendant requested a public defender complaining of technical issues with viewing discovery materials. The court reappointed the public defender's office. The case proceeded to a two-day bench trial where the court found defendant guilty. The court denied defendant's subsequent motion to reconsider or, in the alternative, for a new trial. On September 19, 2022, pursuant to an agreement by the parties that also resolved an unrelated felony, the court sentenced defendant to two years and six months' imprisonment.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant argues he appeared *pro se* at critical stages of the proceedings without a valid waiver of counsel because the court failed to admonish him pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). We review whether a court substantially complied with Rule 401(a) *de novo*. *People v. Pike*, 2016 IL App (1st) 122626, ¶ 114.

¶ 9        Initially, we note this matter was not preserved for appellate review, so we review the matter pursuant to the plain error doctrine, which "bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005). Defendant solely argues error under the second prong of the plain error doctrine. The first step in the analysis is to determine whether an error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 10       Criminal defendants in Illinois have a constitutional right to the effective assistance of counsel in all criminal cases, which attaches at every critical stage of proceedings. *People v. Vernón*, 396 Ill. App. 3d 145, 153 (2009). The right to counsel includes the right to self-representation. *People v. Hickey*, 204 Ill. 2d 585, 629-30 (2001). A waiver of counsel and choice to represent oneself must be knowing, intelligent, and voluntary. *People v. Haynes*, 174 Ill. 2d 204,

3

235 (1996). The procedure for waiving counsel is governed by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). Rule 401(a) requires the court to inform a defendant of "(1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law ***; and (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court," before accepting defendant's waiver of counsel. *Id.* Substantial compliance with Rule 401(a) is mandatory. *People v. Wright*, 2017 IL 119561, ¶ 41. "There can be no effective waiver of counsel without proper admonitions." *People v. Langley*, 226 Ill. App. 3d 742, 749 (1992). "The admonishments pursuant to Rule 401(a) must be provided when the court learns defendant chooses to waive counsel so that defendant can consider the ramifications of such a decision." *Id.* at 750; *People v. Stoops*, 313 Ill. App. 3d 269, 275 (2000). Admonitions provided several months prior to defendant's request to waive his right to counsel are insufficient to satisfy Rule 401(a). *Langley*, 226 Ill. App. 3d at 749-50; *Stoops*, 313 Ill. App. 3d at 275.

¶ 11        Here, the only time the court informed defendant of the nature of the charge or the sentence range prior to accepting his waiver of counsel was at defendant's initial appearance, nearly three years before defendant made any indication he wished to proceed *pro se*. Just as in *Langley* and *Stoops*, defendant cannot be expected to rely upon these admonishments. The failure to provide the mandatory Rule 401(a) admonishments at the time the court learned defendant wished to proceed *pro se*, rendered defendant's waiver of counsel ineffective. Although the court made significant efforts to convince the defendant that it was in his best interest to be represented by counsel, the State admits that the court did not provide the necessary Rule 401(a) admonishments to defendant.

¶ 12        However, the State argues defendant did not appear *pro se* at any critical stages of the proceedings. Not every pretrial moment is a critical stage. *Vernón*, 396 Ill. App. 3d at 153. "A

4

critical stage is any proceeding at which constitutional rights can be asserted or waived, or where events occur that could prejudice the defendant's trial." *People v. Lindsey*, 309 Ill. App. 3d 1031, 1034 (2000). "In pretrial phases, 'the test [for a critical stage] utilized by the Court has called for examination of the event in order to determine whether the accused required aid in coping with legal problems or assistance in meeting his adversary.' " *Vernón*, 396 Ill. App. 3d at 153 (quoting *United States v. Ash*, 413 U.S. 300, 313 (1973)).

¶ 13        Defendant clearly required aid of counsel here. Defendant provided the State with "potentially incriminating statements," for seemingly no legitimate strategic purpose. Even if defendant had not provided the typed document to the State, the hearing was still a critical stage of the pretrial proceedings where he was required to provide discovery to the State. Failure to provide the necessary discovery may result in exclusion of the undisclosed witness or defense, potentially prejudicing defendant's trial. See, *e.g.*, *People v. Spicer*, 158 Ill. App. 3d 699, 702-03 (1987) (excluding evidence of defense of voluntary intoxication); *People v. McKinney*, 117 Ill. App. 3d 591, 596 (1983) (excluding defense witness). It does not affect our analysis whether such prejudice actually resulted. See *Vernón*, 396 Ill. App. 3d at 154. "As [defendant] lacked counsel at a critical stage of the proceedings, we must presume that he was prejudiced by the lack of counsel." *Id.*; *United States v. Cronic*, 466 U.S. 648, 659 (1984) ("The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial.").

¶ 14        Because we find error where defendant appeared *pro se* at critical stages of the proceedings without a valid waiver of counsel, we must next determine whether the error satisfies the second prong of the plain error doctrine. An error under the second prong of the plain error doctrine has been equated with structural error or a "systemic error." *People v. Glasper*, 234 Ill. 2d 173, 197-

98 (2009). "The right to counsel is fundamental." *People v. Black*, 2011 IL App (5th) 080089, ¶ 24. The failure to provide Rule 401 admonishments has been found to be second prong plain error in numerous cases. *Id.* (collecting cases); see *Vernón*, 396 Ill. App. 3d at 150 ("we deem the lack of counsel, in the absence of a failure to waive the statutory right, to be a plain and serious error"). We therefore vacate defendant's conviction and remand for a new trial "unaffected by uncounseled choices he made." See *Vernón*, 396 Ill. App. 3d at 154. The new proceedings should include Rule 401(a) admonishments, should defendant decide to proceed *pro se* at any point, and the ability to refile any discovery or pleadings defendant provided while he was *pro se*. See *id.*

¶ 15                                    III. CONCLUSION

¶ 16        The judgment of the circuit court of Will County is vacated and remanded for further proceedings.

¶ 17        Vacated and remanded.